I2FHEVAC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

    v.          17 Cr. 684 (ER)

LAMONT EVANS, EMANUEL RICHDARDSON,
ANTHONY BLAND, CHRISTIAN DAWKINS,
and MERL CODE,

               Conference

    Defendants.

------------------------------x

              New York, N.Y.
              February 15, 2018
              2:40 p.m.

Before:

         HON. EDGARDO RAMOS,

              District Judge

         APPEARANCES

GEOFFREY S. BERMAN
   Interim United States Attorney for the
   Southern District of New York
NOAH SOLOWIEJCZYK
ALINE R. FLODR
   Assistant United States Attorneys

WILLIAM R. MARTIN
   Attorney for Defendant Lamont Evans

CRAIG J. MORDOCK
   Attorney for Defendant Emanuel Richardson

JEFFREY HARRIS LICHTMAN
JEFFREY BENSON EINHORN
   Attorneys for Defendant Anthony Bland

STEVEN A. HANEY, SR.
   Attorney for Defendant Christian Dawkins

I2FHEVAC

1                      APPEARANCES (Cont'd)

2   JOEL COHEN
    MARK C. MOORE
3        Attorneys for Defendant Merl Code

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

I2FHEVAC

1          (Case called)

2          MR. SOLOWIEJCZYK:  Good afternoon.  Noah Solowiejczyk

3     on behalf of the government.  I'm joined by Aline Flodr,

4     another Assistant U.S. Attorney in our office.

5          THE COURT:  Good afternoon.

6          MR. COHEN:  Joel Cohen for Mr. Code who's sitting in

7     the jury box.

8          MR. MOORE:  Mark Moore for Mr. Code, your Honor.

9          MR. LICHTMAN:  Jeffrey Lichtman and Jeffrey Einhorn

10    for Anthony Bland.  Good morning, your Honor.  His appearance

11    was waived.

12          MR. HANEY:  Good afternoon, your Honor.  Steve Haney

13    on behalf Christian Dawkins.

14          MR. MARTIN:  William Martin on behalf of Lamont Evans,

15    and your Honor waived his appearance also.  He waived it on the

16    record.

17          MR. MORDOCK:  Good afternoon, your Honor.  Craig

18    Mordock on behalf of Emanuel Richardson, and Mr. Richardson's

19    presence was waived at the last court appearance.

20          THE COURT:  This matter is on for status conference,

21    Mr. Solowiejczyk.  Did I pronounce that right?

22          MR. SOLOWIEJCZYK:  You did, your Honor.

23          THE COURT:  OK.

24          MR. SOLOWIEJCZYK:  Since the last conference, your

25    Honor, the government has been producing discovery on an

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

I2FHEVAC

1    ongoing and rolling basis.  At this point discovery is

2    substantially complete.  We've produced all the Title III wire

3    intercepts which amount to, you know, hundreds of hours of

4    calls.  We've produced search warrant returns, subpoena

5    returns, bank records, returns from universities.  It's a

6    voluminous amount of material.  There are probably still a few

7    outstanding items because some of the subpoenas that we've

8    served.  We're still getting returns on those, but we do think

9    at this point the defense has substantially all the discovery.

10   And anything that would give rise to any motions, we believe

11   they have at this point.

12          THE COURT:  So they have everything that you have at

13   least?

14          MR. SOLOWIEJCZYK:  Pretty much.  There are probably a

15   few exception, and we're working on getting those out the door,

16   but pretty much all the big-ticket items, they have what we

17   have.

18          THE COURT:  When do you expect it will be complete?

19          MR. SOLOWIEJCZYK:  This is a ballpark guess.  I would

20   think that all of the discovery may take another month or two,

21   but we're talking about an entity may respond to our subpoena

22   and say, oh, we've identified additional documents.  When we

23   get them, we give them to the defense, things of that nature.

24          THE COURT:  OK.

25          MR. SOLOWIEJCZYK:  The one other item is on some of

I2FHEVAC

1    the search warrants, your Honor, we conduct a relevance review.

2    For example, on a phone search warrant, we give the entirety of

3    the phone to the person whose phone it is.  We then conduct a

4    relevance review, and anything that's within the scope of the

5    search warrant, we produce to all of the other defendants.

6    That relevance review is ongoing.  We're hoping to have it

7    complete within the next 30 days.

8             THE COURT:  But all of the owners of the phones have

9    the contents of their phones?

10            MR. SOLOWIEJCZYK:  Correct.

11            THE COURT:  Very well.  Is there a motion schedule in

12   this case?

13            MR. SOLOWIEJCZYK:  Not at this time, your Honor.

14            THE COURT:  OK.  Mr. Martin.

15            MR. MARTIN:  Your Honor, if I may, Judge, we did have

16   an opportunity to speak with the government before you took the

17   bench to discuss a motion schedule, including trial schedule,

18   if your Honor would permit.

19            THE COURT:  Absolutely.

20            MR. MARTIN:  Judge, with your permission we would

21   request all motions to be filed by the defense to be filed in

22   July, if that date is --

23            THE COURT:  Is there agreement on that date?

24            MR. SOLOWIEJCZYK:  The government is fine with that

25   schedule, your Honor.

I2FHEVAC

| | |
|---|---|
| 1 | THE COURT:  OK. |
| 2 | MR. MARTIN:  July 30, the end of the month.  July 30 |
| 3 | is a Monday, your Honor. |
| 4 | THE COURT:  OK. |
| 5 | MR. MARTIN:  The government would have 30 days upon |
| 6 | filing of our motions to respond, and defense would have 14 |
| 7 | days upon receipt of the government's pleading to file a reply. |
| 8 | THE COURT:  Do we have actual dates on that? |
| 9 | MR. MARTIN:  I can do that, Judge.  I did not. |
| 10 | THE COURT:  We can do that. |
| 11 | MR. MARTIN:  Thirty days would be August 30, your |
| 12 | Honor, and 14 days from that would be the -- |
| 13 | THE DEPUTY CLERK:  September 13. |
| 14 | MR. MARTIN:  Thank you. |
| 15 | THE COURT:  As I understand it, both Judges Kaplan and |
| 16 | Preska have set trial dates, correct? |
| 17 | MR. SOLOWIEJCZYK:  That's correct, your Honor.  Trial |
| 18 | before Judge Kaplan is scheduled for October 1.  Trial before |
| 19 | Judge Preska is scheduled February.  I don't remember the exact |
| 20 | date.  I think February 9 sounds familiar, but let me just |
| 21 | check. |
| 22 | THE COURT:  I know that there's overlap in parties at |
| 23 | least between Judge Kaplan and I, correct? |
| 24 | MR. SOLOWIEJCZYK:  Correct, your Honor.  February 4, I |
| 25 | think, is the trial before Judge Preska, your Honor, in the |

I2FHEVAC

1    Persons matter.

2            THE COURT:  Did you folks have a conversation about a

3    potential trial date?

4            MR. MARTIN:  We have, your Honor.

5            THE COURT:  What is that?

6            MR. MARTIN:  Your Honor, with the government's trial

7    schedule and the dates with the trials we've just referenced,

8    we would ask for a trial in April or May of 2019.

9            THE COURT:  I think we are, at this point anyway,

10   still open for April of 2019.

11           Ms. Rivera.

12           THE DEPUTY CLERK:  Yes.

13           THE COURT:  How about something in the third week of

14   April.

15           THE DEPUTY CLERK:  April 15.  Monday, April 15, 2019.

16           MR. LICHTMAN:  That's a bad luck day, Judge.

17           MR. MARTIN:  All the defense counsel reacted the same

18   way.

19           THE DEPUTY CLERK:  April 22.

20           THE COURT:  What are you hiding?

21           MR. LICHTMAN:  I can't speak for me, Judge.

22           MR. MARTIN:  April 15?

23           THE COURT:  April 22.

24           How long will this case take?

25           MR. SOLOWIEJCZYK:  Government's proof probably will

I2FHEVAC

1    three weeks, three to four weeks, I would say.

2              THE COURT:  My understanding is that Judge Kaplan also

3    this morning, at least from the bench, denied the motions to

4    dismiss, and I think the last time we were together, folks at

5    the back table told me that the motion in this case would be

6    different, is that correct, or slightly different?

7              MR. MOORE:  I think we said perhaps similar but

8    different, slightly different motion.

9              THE COURT:  But you're still going to make the motion?

10             MR. MOORE:  I think we're all going to have to talk

11   about this afterwards, but I believe --

12             MR. LICHTMAN:  Yes.

13             MR. MOORE:  I believe that that's the case, your

14   Honor.

15             THE COURT:  Very well.  Is there anything else that we

16   need to do today?

17             MR. MARTIN:  Nothing else.

18             MR. SOLOWIEJCZYK:  Your Honor, two matters.  One is

19   are we doing April 15 or 22nd?

20             THE COURT:  22nd.

21             MR. SOLOWIEJCZYK:  22nd, OK, for the trial date.

22             One matter to bring to your Honor's attention, and we

23   just wanted to put this on the record, there is a protective

24   order in this case, your Honor.  As you may recall, there are

25   two.  There's one that relates to information the government

I2FHEVAC

1   has deemed particularly sensitive and confidential, and we,

2   whenever we produce such materials, designated them as

3   confidential with the defense.  There have been a couple

4   instances in the last month where there's been some information

5   reported in the press that we believe emanates from

6   confidential discovery in this case.

7            THE COURT:  In this particular case?

8            MR. SOLOWIEJCZYK:  In this case and in the case before

9   Judge Kaplan.

10            THE COURT:  OK.

11            MR. SOLOWIEJCZYK:  We're not seeking any relief at

12   this time, but if this continues to happen, we may come to the

13   Court and seek appropriate relief.  We just wanted to put that

14   on the record because this is a protective order that your

15   Honor entered, and it's of significant concern to the

16   government.

17            THE COURT:  Is there a similar order or same order in

18   Judge Kaplan's case?

19            MR. SOLOWIEJCZYK:  Yes, your Honor.

20            THE COURT:  So you're not asking for anything right

21   now?

22            MR. SOLOWIEJCZYK:  We're not asking for anything right

23   now.  We just wanted to put it on the record that the

24   government takes this protective order that your Honor entered

25   quite seriously.

I2FHEVAC

1              THE COURT:  OK.

2              MR. SOLOWIEJCZYK:  Other than that, your Honor, we

3       would just ask to exclude time under the Speedy Trial Act

4       between today and the trial date.  That will allow the

5       defendants to continue to review discovery, to make any motions

6       that they deem appropriate, and for the parties to engage in

7       any discussions of a potential disposition.

8              THE COURT:  Very well.  Any objection?

9              MR. MARTIN:  No, your Honor.

10             MR. MOORE:  No, your Honor.

11             MR. LICHTMAN:  No, your Honor.

12             THE COURT:  I'll exclude time between now and April 22

13      of 2019 under the Speedy Trial Act for the reasons put forth on

14      the record by the prosecution.  I find that the interests of

15      the public in a speedy and public trial does not outweigh the

16      interest of the defendants in continuing to review the

17      discovery and making a determination as to appropriate motions.

18             I look to the back.  I don't know if anyone wanted to

19      make any comment on the government's comment about protected

20      discovery.

21             MR. MARTIN:  On behalf of Mr. Evans, I don't know what

22      he's talking about.  We have no comment.

23             THE COURT:  Very well.

24             MR. LICHTMAN:  Judge, I would say that there's

25      certainly been mention in the press about some of the materials

I2FHEVAC

1   that were turned over pursuant to discovery and other, but I

2   don't know that I would necessarily suggest that if there's any

3   leak, that it came from the defense side.  It certainly could

4   have come from the government side as well, as far as I can

5   tell.  So I wouldn't necessarily think this is a defense

6   situation, whether it be in this case or the other cases.

7           MR. SOLOWIEJCZYK:  I would just note, your Honor, if a

8   defense attorney receives a call from a reporter asking them to

9   confirm the existence of something that's confidential

10  material, our view is confirming the existence of that material

11  violates the protective order.

12          THE COURT:  If there's nothing else, very good.

13          (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25