UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

   -against-

LAMONT EVANS, et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

17 CR 684 (ER)

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTIONS FOR A LIMITED BILL OF PARTICULARS, OUTSTANDING DISCOVERY AND EARLY *BRADY/GIGLIO* DISCLOSURE

**NEXSEN PRUET LLC**
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211
*Attorneys for Defendant Merl Code*

**HANEY LAW GROUP PLLC**
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470
*Attorneys for Defendant Christian Dawkins*

**BARNES AND THORNBURG, LLP**
William R. Martin
1717 Pennsylvania Ave
Suite 500
Washington, DC 20006
(202) 465-8422
*Attorneys for Defendant Lamont Evans*

**LAW OFFICES OF JEFFREY LICHTMAN**
Jeffrey Lichtman
Jeffrey Einhorn
11 E. 44th Street, Ste. 501
New York, New York 10017
(212) 581-1001
*Attorneys for Defendant Anthony "Tony" Bland*

**MORDOCK BARBER, LLC**
Craig J. Mordock
7611 Maple Street, Suite A3
(504) 304-2335
*Attorneys for Defendant Emanuel "Book" Richardson*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES..................................................................................................i

PRELIMINARY STATEMENT.............................................................................................1

ARGUMENT..........................................................................................................................2

    POINT ONE: THE DEFENDANTS ARE ENTITLED TO A LIMITED
    BILL OF PARTICULARS...................................................................................................2

    POINT TWO: THE GOVERNMENT SHOULD BE COMPELLED
    TO PROVIDE OUTSTANDING DISCOVERY..................................................................4

    POINT THREE: THE SIXTH AMENDMENT – IF NOT THE
    FIFTH – ENTITLES DEFENDANTS TO EARLY BRADY/GIGLIO
    DISCLOSURE......................................................................................................................6

CONCLUSION......................................................................................................................8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Brady v. Maryland, 373 U.S. 83 (1963)..................................................................................6

Giglio v. United States, 405 U.S. 150 (1972)..........................................................................6

Lafler v. Cooper, 566 U.S. 156 (2012)....................................................................................6

Missouri. v. Frye, 566 U.S. 134 (2012)...................................................................................6

United States v. Ruiz, 536 U.S. 622 (2002).............................................................................6

In re Coppa, 267 F.3d 132 (2d Cir. 2001)...............................................................................6

United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987) .....................................................2

United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970).......................................................3

United States v. Torres, 901 F.2d 205 (2d Cir. 1990).............................................................4

United States v. DeGroote, 122 F.R.D. 131 (W.D.N.Y. 1988)...............................................4

United States v. Espy, 1996 WL 637759 (E.D.La. 1996).......................................................4

United States v. Feola, 651 F. Supp. 1068 (S.D.N.Y. 1987)..................................................4

United States v. Lino, No. 00 Cr. 632, 2001 WL 8356 (S.D.N.Y. December 29, 2000)................3

United States v. Taylor, 707 F. Supp. 696 (S.D.N.Y. 1989)...................................................4

United States v. Wilson, 1997 WL 10035 (S.D.N.Y. January10, 1997).................................4

**Rules**

Fed. R. Crim. P. 16..................................................................................................................4

L.R. 16.1..................................................................................................................................3

Defendants Lamont Evans, Emanuel Richardson a/k/a "Book," Anthony Bland a/k/a "Tony," Christian Dawkins, and Merl Code (collectively the "Defendants") respectfully submit this Memorandum of Law in support of their joint motions for an Order requiring the government to provide: i) certain particulars concerning the charged offenses; ii) relevant discovery; and iii) early Brady/Giglio disclosure.

## PRELIMINARY STATEMENT

The defendants are charged with criminal activities related to the influence of outside money on coaches and student-athletes who participate in intercollegiate basketball governed by the National Collegiate Athletic Association ("NCAA"). Specifically, the Indictment alleges that the defendants facilitated payments to certain college basketball players and their families -- and that those payments resulted in NCAA rule violations. Then, in novel theories of liability, the government transformed these private rule violations into criminal offenses, namely: bribery conspiracy, solicitation of bribes, honest services fraud conspiracy, honest services fraud, conspiracy to commit wire fraud, and a Travel Act conspiracy.

Rather than restate what has already been written, the defendants adopt the Preliminary Statements located in their simultaneously filed joint motions to dismiss the Indictment and suppress wiretap evidence -- which sufficiently lay out the backgrounds of the defendants and summarize the allegations against each.

## ARGUMENT

### POINT I

**THE DEFENDANTS ARE ENTITLED TO A LIMITED BILL OF PARTICULARS**

There can be no question that the government's criminalization of private NCAA rule violations presents a new theory of liability in the world of federal law enforcement. Put simply, the Indictment alleges that the defendants engaged in schemes to facilitate payments to certain college basketball players and their families in order to secure them as clients for financial advisory services upon their turning professional later on in their careers. This conduct was in violation of NCAA rules, and according to the government, these rule violations were tantamount to criminal law violations.

Heightened by this unique theory of liability, the defendants are plainly entitled to certain particulars without which they will be "unable to prepare adequately for trial," or to "interpose a plea of double jeopardy should [they] be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). Hence, absent specification of certain details concerning the nature and scope of the charged scheme – e.g., details concerning its purported means, methods, ends and members – the defendants can only guess as to some of the conduct with which they are charged. And without adequate details concerning the charges, how can the defendants hope to challenge them, let alone invoke their double jeopardy rights in any future prosecution? Plainly, they cannot, and worse still, the government could vary the charges at will. That is, the government would be able to secure a conviction "based on evidence of [conduct] completely divorced from that upon which the grand jury based its indictment."

United States v. Tomasetta, 429 F.2d 978, 980 (1st Cir. 1970).  Once again, exposure to such variances would eviscerate the Fifth Amendment's Notice and Presentment Clause.

With these concerns in mind, we turn to our limited request[1] for particulars from the government:

1. Please provide additional details concerning the "financial aid the universities continued to award to the relevant student athletes under false pretenses." Indictment at ¶ 3. Specifically, the dates and amounts of these financial awards, and the names of each student who received an award under false pretenses.

2. Please provide the names of the "others" from whom Lamont Evans is alleged to have "solicited and accepted … bribes," in addition to CW-1.  Indictment at ¶ 29.

3. Please provide the date in July 2017 wherein Emanuel Richardson is alleged to have "solicited an additional $15,000 bribe from Christian Dawkins … CC1, and UC1." Indictment at ¶ 38.

4. To the extent possible, please identify the "others known and unknown" who are alleged to have conspired with the defendants from 2016 up to and including September 2017. Indictment at ¶¶ 47, 66:

In essence, these requests seek the identities and roles of the defendants' alleged accomplices and unindicted coconspirators, as well as details concerning additional bribes and financial details which underpin the government's theories of prosecution.  Courts routinely order such disclosure – and here, these requests should be granted.  E.g., United States v. Lino,

---

[1] The defendants previously requested this information from the government, and accordingly, they are in compliance with the requirements of Local Rule 16.1 concerning the filing of a motion for particulars.

3

No. 00 Cr. 632 (WHP), 2001 WL 8356, at *12 (S.D.N.Y. December 29, 2000) ("[r]equests for names of unindicted co-conspirators are fairly common and often are granted by district courts"); United States v. Taylor, 707 F. Supp. 696, 699 (S.D.N.Y. 1989); United States v. Feola, 651 F. Supp. 1068, 1133 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989) (Table), cert. denied, 493 U.S. 834 (1989) (both directing the government to provide the names of unindicted coconspirators in a bill of particulars); United States v. Torres, 901 F.2d 205, 233-34 (2d Cir. 1990) (District Court has discretion to require same), cert. denied, 498 U.S. 906 (1990); United States v. Wilson, 1997 WL 10035 (S.D.N.Y. Jan. 10, 1997) (LMM); United States v. Espy, 1996 WL 637759 at *1 (E.D.La. 1996); United States v. DeGroote, 122 F.R.D. 131, 137-39 (W.D.N.Y. 1988).

## POINT II

### THE GOVERNMENT SHOULD BE COMPELLED TO PROVIDE OUTSTANDING DISCOVERY

In addition to the above-referenced particulars, the defendants are entitled to outstanding discovery which was requested from the government by letter nearly four months ago and met with no response. See August 1, 2018 Letter of Jeffrey Lichtman, Esq., attached as Exhibit A. These materials, detailed below, are not only discoverable pursuant to Rule 16(a)(1)(E) as relevant to the preparation of our defense, but may also prove key in examining the legality of the extensive wiretapping which occurred in this case.[2] Obviously, without reviewing these items

---

[2] As we noted in our August 1, 2018 Letter, the existence of these materials was exposed in other materials produced by the government, namely: 1) the April 7, 2017 Affidavit of Special Agent Jason Wake in support of the government's application for a warrant to intercept communications occurring over (609) 933-7246; and 2) the May 5, 2017 Affidavit of Special Agent Anthony Lupinacci in support of the government's application for warrant to intercept communications occurring over (609) 933-7246. See Ex. A.

first, we could not say either with certainty.

Specifically, on August 1, 2018, we requested the following items from the government by letter, which include both wiretapping warrants and supporting affidavits -- and the fruits thereof:

1. The December 9, 2016 warrant signed by the Hon. Jed S. Rakoff, and any related applications, affidavits, or periodic reports, which authorized the interception of calls occurring over (205) 266-4155, purportedly utilized by Rashan Michel, and (334) 750-1704, purportedly utilized by Chuck Person, as well as any conversations intercepted pursuant to this warrant.

2. The January 9, 2017 warrant signed by the Hon. Lewis A. Kaplan, and any related applications, affidavits, or periodic reports, which authorized the continued interception of calls occurring over the aforementioned telephone lines, as well as any conversations intercepted pursuant to this warrant.

3. The January 26, 2017 warrant signed by the Hon. Richard Berman, and any related applications, affidavits, or periodic reports, which authorized the interception of calls occurring over: (205) 245-9458, purportedly used by Chuck Person, as well as any conversations intercepted pursuant to this warrant.

4. The February 10, 2017 warrant signed by the Hon. Paul A. Engelmayer, and any related applications, affidavits, or periodic reports, which authorized the continued interception of conversations occurring over (205) 266-4155 and (334) 750-1704, as well as any conversations intercepted pursuant to this warrant.

5. The April 27, 2017 warrant signed by the Hon. J. Paul Oetken, and any related applications, affidavits, or periodic reports, which authorized the continued

interception of calls occurring over (205) 266-4155, as well as any conversations intercepted pursuant to this warrant.

As the government has failed to turn over these readily discoverable wiretapping materials and the calls intercepted pursuant thereto, we respectfully request that the Court order their immediate production in order to provide the defense a meaningful opportunity to examine and utilize any information gleaned therefrom.

### POINT III

**THE SIXTH AMENDMENT – IF NOT THE FIFTH – ENTITLES DEFENDANTS TO EARLY *BRADY/GIGLIO* DISCLOSURE**

The disclosure obligations imposed by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and subsequent cases stem from the Fifth Amendment's due process guarantee. And in our circuit, the government need only turn over constitutionally required exculpatory and impeachment information in time for defendants to use it effectively at trial – not immediately on demand or any sooner. In re Coppa, 267 F.3d 132 (2d Cir. 2001); cf. United States v. Ruiz, 536 U.S. 622, 632-33 (2002) (due process "does not require the [g]overnment to disclose material impeachment evidence prior to entering a plea agreement").

In the years since Coppa and Ruiz, however, the Supreme Court has held that the Sixth Amendment right to effective assistance of counsel extends to plea bargaining, Lafler v. Cooper, 566 U.S. 156 (2012); Missouri. v. Frye, 566 U.S. 134 (2012) – the culmination of "90% or more of federal criminal cases." Ruiz, 536 U.S. at 632; see Frye, 536 U.S. at 144 (plea bargaining "is not some adjunct to the criminal justice system; it *is* the criminal justice system") (citations and internal quotes omitted).

It is self-evident that counsel cannot mount an effective trial defense without timely Brady/Giglio disclosure. By the same token, how can any defense lawyer plea bargain effectively, in the sense Lafler and Frye contemplate, without knowing the relative strengths and weaknesses of the prosecution's case that Brady/Giglio disclosure helps bring to light? Again, the question answers itself. And when it comes to "the negotiation of a plea" – "almost always the critical point for a defendant" – Brady/Giglio disclosure is useless unless made well before trial. Id. at 1407.

Immediate production of all exculpatory and impeachment information in the government's possession, custody or control is therefore imperative – and independently mandated by the *Sixth* Amendment's Assistance of Counsel Clause – to preserve the eventuality of effective plea bargaining. The Court should order it accordingly.[3]

---

[3] This motion is a timely one given the rash of Brady violations plaguing the Southern District. See J. Capeci, "Sovereign District of New York 'Retrains' All Its Prosecutors on 55-Year-Old Rule," Gang Land News (May 24, 2018) (attached as Exhibit B) (reporting open court statement by Judge Nathan that USAO had been seriously discredited with her and two colleagues due to rampant withholding of exculpatory and impeachment evidence, prompting office-wide Brady retraining); J. Capeci, "Three Years Later, Feds Turn over Brady Material in Meldish Murder," Gangland News (May 31, 2018) (attached as Exhibit C) (reporting that SDNY prosecutors "withheld evidence favorable to the defense for three years from lawyers for a pair of Lucchese gangsters charged back in 2015 with [a] gangland-style killing"). Even if not constitutionally required, immediate disclosure thus represents an appropriate exercise of supervisory power.

**CONCLUSION**

For the foregoing reasons, this Court should require the government to provide the requested particulars concerning the charged offenses requested herein, produce outstanding discovery, and provide early Brady/Giglio disclosure.

Dated: New York, New York
       December 3, 2018

Respectfully submitted,

**NEXSEN PRUET LLC**

By: /s/ Mark. C. Moore
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211
*Attorneys for Defendant Merl Code*

**HANEY LAW GROUP PLLC**

By: /s/ Steven A. Haney
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470
*Attorneys for Defendant Christian Dawkins*

**BARNES AND THORNBURG, LLP**

By: /s/ William R. Martin
William R. Martin
1717 Pennsylvania Ave
Suite 500
Washington, DC 20006
(202) 465-8422
*Attorneys for Defendant Lamont Evans*

**LAW OFFICES OF JEFFREY LICHTMAN**

By: /s/ Jeffrey H. Lichtman
Jeffrey H. Lichtman
Jeffrey B. Einhorn
11 E. 44th Street, Ste. 501
New York, New York 10017
(212) 581-1001
*Attorneys for Defendant Anthony "Tony" Bland*

**MORDOCK BARBER, LLC**

By: /s/ Craig J. Mordock
Craig J. Mordock
7611 Maple Street, Suite A3
(504) 304-2335
*Attorneys for Defendant Emanuel "Book" Richardson*