UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                          :
UNITED STATES OF AMERICA,                                                 :
                                                                          :
v.                                                                        :
                                                                          :   Case No. 17-cr-00684-ER
MERL CODE, and                                                            :
CHRISTIAN DAWKINS,                                                        :
                                                                          :
                Defendants.                                               :
                                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**REPLY TO THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE* TO INTRODUCE EVIDENCE OF
THEIR AND THEIR ALLEGED CO-CONSPIRATORS' STATES OF MIND**

**NEXSEN PRUET LLC**
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211

**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

**CHANEY LEGAL SERVICES, LLC**
Allen Chaney
Post Office Box 616
Longmont, Colorado 80502
(720) 634-5493

*Attorneys for Defendant Merl Code*

**HANEY LAW GROUP PLLC**
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470

*Attorneys for Defendant Christian Dawkins*

Defendants have reviewed the Government's memorandum of law in opposition to Defendants' motion *in limine* ("Opposition") and do not believe it warrants a robust reply. Defendants filed their Motion *in limine* to Introduce Evidence of Their and Their Alleged Co-Conspirators' States of Mind ("Motion") as a courtesy to opposing counsel and with the intent to further the interests of judicial economy. Pretrial resolution of the admissibility of Defendants' out-of-court statements prevents unnecessary mid-trial delay and is respectful of the jurors' time.

Defendants argue, as they have previously, that **specific portions** of their recorded statements are probative of Defendants' *mens rea* and admissible as "not hearsay" and/or pursuant to FRE 803(3). The Government apparently takes issue with this position as "cherry-picking." (*See* ECF No. 198). However, Defendants know of no other way to comply with the Federal Rules of Evidence except to limit their introduction of evidence to that which is relevant. *See* Fed. R. Evid. 401, 402, 403.

## ARGUMENT

In its Opposition, the Government argues that Defendants' Motion is premature for three reasons: (1) Defendants have not submitted the telephone calls or the transcripts of the calls for the Court's review[1]; (2) evidentiary determinations about whether a particular call falls under the "state of mind" exception of the hearsay rule are necessarily fact intensive; and (3) many of the

---

[1] Defendants are submitting to the Court the relevant portions of the telephone calls at issue as an attachment to this filing. (***Ex. A***). As such, the Government's overarching argument that the Motion is premature loses all force. Indeed, it would be extremely inefficient to dismiss the jury multiple times during trial when the Court can readily make a pretrial determination as to the admissibility of these telephone calls.

statements that Defendants seek to offer appear to include inadmissible hearsay. (ECF No. 198 at 6-7). Defendants will address these arguments in turn.

First, when Defendants initially filed their Motion, they offered to furnish audio files of the calls referenced therein if the Court expressed a desire to review them. (ECF No. 186 at 12). In any event, the Defendants have submitted a disc containing the relevant portions of those telephone calls as an attachment to this filing. (*Ex. A*). Moreover, Defendants have also attached an index of the portions of the calls on the attached disc. (*Ex. B*).[2]

Second, Defendants agree that the Court should make a call-by-call determination regarding the admissibility of the telephone calls at issue. Defendants do not agree, however, that such a task is impossible or inappropriate to accomplish pretrial. Defendants have attached the pertinent audio exhibits for the Court's review, and counsel for the Defense will be prepared to argue their admissibility at the April 19 pretrial hearing.

Lastly, the Government's argument that "many of the statements . . . include inadmissible hearsay" is simply incorrect. (ECF No. 198 at 7). Notably, the Government has only identified five calls with which it has taken issue, (ECF No. 98 at 7-8), which leads Defendants to believe that the Government has conceded to the admissibility of calls 1, 3, 6, 7, 8, and 9. (*See* ECF No. 186 at 9-11). Furthermore, Defendants have withdrawn two of the calls that are subject to the Government's objections. As to the three remaining telephone calls the Government objects to, however, Defendants rest on the argument within their initial Motion that the statements identified in those calls are relevant and admissible to prove Mr. Dawkins and/or Mr. Code's

---

[2]   Defendants hereby withdraw from the Court's consideration the following telephone calls that were originally included in this Motion: SDNY_00001161-02202-001 (Call #10); SDNY_00001161-06110-001 (Call #11). (ECF No. 186 at 11-12).

"then-existing state[s] of mind (*such as motive, intent, or plan*)[.]" Fed. R. Evid. 803(3) (emphasis added).

## CONCLUSION

Based on the foregoing, the Court should grant Defendants' Motion and issue a pretrial ruling that the recorded telephone calls discussed therein are relevant under FRE 401 and are admissible either as "not hearsay" under FRE 802 or pursuant to the "state of mind" exception to hearsay under FRE 803(3). To the extent that the Court, upon its review of the attached exhibits, seeks further argument, counsel for the Defense will of course oblige.

Dated: New York, New York
April 16, 2019

| | |
|---|---|
| **NEXSEN PRUET LLC** | **HANEY LAW GROUP PLLC** |
| s/ Mark C. Moore | s/ Steven A. Haney |
| William W. Wilkins | Steven A. Haney |
| Mark C. Moore | 3000 Town Center Drive, Suite 2570 |
| Andrew A. Mathias | Southfield, Michigan 48075 |
| 55 E. Camperdown Way, Suite 400 | (248) 414-1470 |
| Greenville, South Carolina 29601 | |
| (864) 370-2211 | *Attorneys for Defendant Christian Dawkins* |

**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

**CHANEY LEGAL SERVICES, LLC**
Allen Chaney
Post Office Box 616
Longmont, Colorado 80502
(720) 634-5493

*Attorneys for Defendant Merl Code*