# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
 v.                                           :
                                              :
MERL CODE, and                                :   Case No. 17-cr-00684-ER
CHRISTIAN DAWKINS,                            :
                                              :
                    Defendants.               :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## DEFENDANTS' REQUESTS TO CHARGE

**NEXSEN PRUET LLC**
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211

**HANEY LAW GROUP PLLC**
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470

*Attorneys for Defendant Christian Dawkins*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

**CHANEY LEGAL SERVICES, LLC**
Allen Chaney
Post Office Box 616
Longmont, Colorado 80502
(720) 634-5493

*Attorneys for Defendant Merl Code*

**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                              :
UNITED STATES OF AMERICA,                                                     :
                                                                              :
 v.                                                                      :
                                                                              :
MERL CODE, and                                                               :  Case No. 17-cr-00684-ER
CHRISTIAN DAWKINS,                                                           :
                                                                              :
          Defendants.                                               :
                                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

**DEFENDANTS' REQUESTS TO CHARGE**

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendants' Merl Code

and Christian Dawkins respectfully request that the Court include the following in its instructions

to the jury.

# Table of Contents

*Instructions on Charges* ................................................................................................. 1

*Count Two – Bribery* .................................................................................................... 3

*Count One – Conspiracy to Commit Bribery* ................................................................ 5

*Counts Four and Five – Honest Services Wire Fraud* ................................................... 8

*Count Three – Conspiracy to Commit Honest Services Wire Fraud* .......................... 10

*Count Six – Travel Act Conspiracy* ............................................................................ 11

*Defense of Entrapment* ............................................................................................... 11

*Withdrawal from a Conspiracy* ................................................................................... 13

*Adverse Inference Instruction* .................................................................................... 14

*Limiting Instruction – Hearsay of UC-1, UC-2* .......................................................... 14

*Limiting Instruction – NCAA Violations* .................................................................... 15

*Limiting Instruction – Prior Felony Conviction* .......................................................... 15

*Duty to Avoid Subconscious Bias* ............................................................................... 16

*Venue* ......................................................................................................................... 17

*Defendant's Right Not to Testify* ................................................................................. 18

## REQUEST NO. 1

*Instructions on Charges*

With these preliminary instructions in mind, let us turn to the specific charges against the defendants, Merl Code and Christian Dawkins. These charges were originally set forth in what is called an indictment, which is merely an accusation. An indictment is not evidence that a crime has been committed and is not proof of any defendant's guilt. The indictment is merely a method or procedure under the law whereby persons accused of crimes by the grand jury are brought into court to have their case tried by a trial jury, such as yourselves. Therefore, the existence of the indictment must be given no evidentiary value but should be treated by you as an accusation. You must not give any weight or significance whatsoever to the fact that an indictment has been brought against the defendants.

The indictment in this case contains a total of six counts, and each count charges a different crime. Pay close attention, as not every count is alleged against every defendant. I will, for convenience, refer to each charge or count by its number as it appears in the indictment. But there is no significance to the order of these numbers, and indeed my instructions will follow a different order than the order in which the various counts appear in the indictment. After I offer a brief explanation of all six counts, I will then explain each of them to you in greater detail.

Count One alleges that from at least 2016 up to and including September 2017, the two defendants, Christian Dawkins and Merl Code, conspired—that is, agreed—to corruptly give, offer, or agree to give something of value to NCAA men's college basketball coaches, intending to influence those coaches in connection with the business of their universities.

Count Two alleges that from at least 2016 up to and including September 2017, Mr. Dawkins and Mr. Code corruptly offered and paid bribes to NCAA men's college basketball

1

coaches, intending to influence those coaches in connection with the business of their universities.

Count Three alleges that from at least 2016 up to and including September 2017, Mr. Dawkins and Mr. Code conspired—that is, agreed—to participate in a scheme with the intent to defraud universities of their intangible right to their employees' honest services by means of payment of bribes to certain men's college basketball coaches at those universities.

Count Four alleges that from at least 2016 up to and including September 2017, Mr. Dawkins willfully and knowingly, and with the intent to deprive the University of South Carolina and Oklahoma State University of their respective intangible rights to the honest services of Lamont Evans, did in fact deprive those universities of their respective intangible rights to Mr. Evans' honest services.

Count Five alleges that at least 2016 up to and including September 2017, Mr. Dawkins willfully and knowingly, and with the intent to deprive the University of Arizona of its intangible right to the honest services of Emanuel Richardson, a/k/a "Book" Richardson, did in fact deprive the University of Arizona of its intangible right to Mr. Richardson's honest services.

Count Six alleges that from at least 2016 up to and including September 2017, Mr. Dawkins and Mr. Code conspired—that is, agreed—to participate in a scheme where they willfully and knowingly traveled in interstate commerce, and used and caused to be used the mails and facilities in interstate and foreign commerce, with the intent to distribute the proceeds of an unlawful activity—that is, commercial bribes to certain NCAA men's college basketball coaches in violation of various state commercial bribery statutes.

In reaching your verdict, bear in mind that guilt is individual. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count

2

separately, and you must return a separate, unanimous verdict on each defendant for each count in which he is charged. Your verdict of guilty or not guilty must be based solely upon the evidence against each defendant. The idea of "guilt by association" is not a legal concept, and is impermissible here. The case against each defendant, on each count, stands or falls on the proof or lack of proof against that defendant alone. Your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. For example, your verdict as to Christian Dawkins should be limited to the evidence presented against Mr. Dawkins only and how that evidence relates to those charges against him. The same is true for Merl Code. No other considerations are proper.

The first element that the Government must prove is the identity of each defendant. This element ensures that you analyze the proof against each defendant separately. Even if you find, beyond a reasonable doubt, that a crime such as "bribery" was committed, you must independently evaluate whether the Government has also proven, beyond a reasonable doubt, that each specific defendant committed that crime.

## REQUEST NO. 2

### *Count Two – Bribery*

Let us now turn to the elements of the charges against Mr. Dawkins and Mr. Code. As I noted earlier, Count One charges the defendants with conspiracy to commit bribery, but we will first discuss Count Two, which charge the defendants with the substantive crime of bribery, as this will simplify our subsequent discussion of the conspiracy count.

Count Two of the indictment alleges that Christian Dawkins and Merl Code committed "Bribery" in violation of Section 666(a)(2) of Title 18 of the United States Code. Bribery is, in essence, an attempt to influence another to disregard his duty as an agent while continuing to

3

appear devoted to it or to repay trust with disloyalty.[1]

In order for Christian Dawkins or Merl Code to be found guilty of Count Two, the Government must prove each of the following elements beyond a reasonable doubt:

1.   That the Defendant;

2.   Corruptly;

3.   Gave, offered, or agreed to give anything of value;

4.   To any agent of an organization, government, or agency that receives, in any one-year period, benefits in excess of $10,000 in Federal assistance;

5.   With the intent to influence that agent in any official business, transaction, or series of transactions of such organization;

6.   Involving a value of $5,000 or more.

Some of the words and phrases have special definitions under the law. When you are interpreting and applying the elements I just listed, you must apply the following definitions:

A person acts "corruptly" when he acts voluntarily and intentionally, with a bad purpose of accomplishing an unlawful end, or by accomplishing a lawful end by unlawful means.[2] A person acts "corruptly" for the purposes of Count Two when he intends to influence "official" action.[3] A person's intent to influence an agent's conduct outside the scope of his official

---

[1] *U.S. v. Ronney*, 37 F.3d 847, 852 (2d Cir. 1994) ("[B]ribery in essence is an attempt to influence another to disregard his duty while continuing to appear devoted to it or to repay trust with disloyalty.").

[2] *U.S. v. Ford*, 435 F.3d 204, 210-11 (2d Cir. 2006) (citing *U.S. v. Aguilar*, 515 U.S. 593, 616-17 (1995) (Scalia, J., dissenting)).

[3] *United States v. Bryant*, 655 F.3d 232, 245 (3d Cir. 2011) ("[N]ot every payment made to a public official constitutes a bribe. A payment made in a general attempt to build goodwill or curry favor with a public official, without more, does not constitute a bribe. . . . What distinguishes a bribe from other payments that would not constitute violations is that a bribe is offered or accepted with the intent to influence, or to be influenced, in an official act.").

business, or to influence conduct that does not undermine the agent's loyalty to the organization, government, or agency receiving Federal assistance, is not "corrupt" and is not prohibited by law.[4]

 If, after considering all of the evidence or lack of evidence in the case, you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant Guilty of Bribery.

 If, after considering all of the evidence or lack of evidence in the case, you decide the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you should find the defendant Not Guilty of Bribery.

**REQUEST NO. 3**

*Count One – Conspiracy to Commit Bribery*

 Let us now turn to Count One of the indictment, which charges the defendants with Conspiracy to commit Bribery. In particular, Count One charges that, from at least in or about 2016, up to and including in or about September 2017, Mr. Dawkins and Mr. Code, along with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit the substantive crime of "Bribery" as I just defined for you.

 A conspiracy is an agreement or understanding between two or more people to join together to accomplish some unlawful purpose.[5]  In order to prove a single conspiracy, the prosecution must show that each alleged member agreed to participate in what he knew to be a

---

[4] *See McDonnell v. U.S.*, 136 S. Ct. 2355 (2016) (discussing the "official action" limitation on bribery under 18 USC § 201).

[5] *L. Sand,* Inst. 19-2 at 19-3; *Davis*, Dkt. 88, Tr. of Jury Charge at 1142:1-3.

5

collective venture directed towards a common goal.[6] The government must prove that the alleged members of the conspiracy had a single, shared objective. It is not enough for the government to simply demonstrate similar or parallel objectives between similarly situated people.[7] If you find that an alleged participant in a conspiracy had an objective that was at cross-purposes with the objectives of a different alleged participant, you may not find that a conspiracy existed between them.[8]

Conspiracy is a crime, separate and distinct from the substantive offense.[9] To prove Count One, Conspiracy to Commit Bribery, the Government carries the burden to prove each of the following elements beyond a reasonable doubt:

1.      That the agreement specified in the indictment, namely: an agreement to give U.S. currency to college basketball coaches with an intent to influence their official business, existed between at least two people;

2.      That the Defendant corruptly[10] and willfully joined in that agreement; and

3.      That one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

To act "willfully" means to act with actual knowledge of the nature and extent of the

---

[6] *United States v. McDermott*, 245 F.3d 133, 137(2d Cir. 2001) (to prove conspiracy, the government must prove that each member knowingly participated "in a collective venture directed towards a common goal.").

[7] *United States v. Figueroa*, No. 08 CR 749 (ARR), 2010 WL 11463852, at *10 (E.D.N.Y. Mar. 2, 2010) ("What is required is a shared, single objective, not just similar or parallel objectives between similarly situated people.").

[8] *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990) ("the goals of all the participants need not be congruent . . . so long as their goals are not at cross-purposes.").

[9] *United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir.1996).

[10] *United States v. Feola*, 420 U.S. 671, 686, 95 S. Ct. 1255 (1975) ("[I]n order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself.").

agreement and with a specific intent that the underlying crime be committed. A person that should have known, but did not in fact know, of an agreement to engage in criminal behavior is not guilty as a conspirator.

A person acts "corruptly" when he acts voluntarily and intentionally with a bad purpose of accomplishing an unlawful end or by accomplishing a lawful end by unlawful means.

Finally, let me caution you: there are no one-man conspiracies.[11] The crime of conspiracy has not been committed unless one conspires with at least one true co-conspirator.[12] It is not enough for the government to show that the defendant you are considering agreed only with an undercover agent or government informant to commit the underlying offense, for there is no agreement on a common purpose in such cases.[13] Some other person who was not an undercover agent or government informant must have entered into the unlawful agreement with the defendant in order for a conspiracy to exist.[14] In addition, when one of two persons merely pretends to agree, the other party, whatever he may believe, is not in fact conspiring with anyone.[15]

---

[11] *Rogers v. United States*, 340 U.S. 367, 375, 71 S. Ct. 438, 443 (1951) ("[A]t least two persons are required to constitute a conspiracy.").

[12] *United States v. Dumeisi*, 424 F.3d 566, 580 (7th Cir. 2005) ("[t]he elements of the crime [of conspiracy] are not satisfied unless one conspires with at least one true co-conspirator.") (quoting *United States v. Mahkimetas*, 991 F.2d 379, 383 (7th Cir. 1993) (quotation marks omitted)).

[13] *United States v. Vazquez*, 113 F.3d 383, 387 (2d Cir. 1997) ("A person who enters into [an agreement to conspire] while acting as an agent of the government, either directly or as a confidential informant, lacks the criminal intent necessary to render him a bona fide co- conspirator."); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175 (2d Cir. 1991) ("a person acting as an agent of the government cannot be a coconspirator[.]"); *United States v. Goldberg*, 756 F.2d 949, 958 (2d Cir. 1985) (same); *Reytan v. United States*, No. 99 CR. 214-09(DAB), 04 Civ. 3635(DAB), 2006 WL 1311955, at *4 (S.D.N.Y. May 12, 2006) ("a person acting as an agent of the government cannot be a co-conspirator, because he or she cannot truly agree to conspire."); *see also United States v. Chase*, 372 F.2d 453, 459 (4th Cir. 1967).

[14] *L. Sand,* Inst. 19-4, at 19-13.

[15] *United States v. Valle*, 807 F.3d 508, 523 (2d Cir. 2015).

If, after considering all of the evidence or lack of evidence in the case, you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant Guilty of Conspiracy to Commit Bribery.

If, after considering all of the evidence or lack of evidence in the case, you decide the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you should find the defendant Not Guilty of Conspiracy to Commit Bribery.

## REQUEST NO. 4

### *Counts Four and Five – Honest Services Wire Fraud*

Count Four alleges that from at least 2016 up to and including September 2017, Mr. Dawkins willfully and knowingly, and with the intent to deprive the University of South Carolina and Oklahoma State University of their respective intangible rights to the honest services of Lamont Evans, did in fact deprive those universities of their respective intangible rights to Mr. Evans' honest services.

Count Five alleges that at least 2016 up to and including September 2017, Mr. Dawkins willfully and knowingly, and with the intent to deprive the University of Arizona of its intangible right to the honest services of Emanuel Richardson, a/k/a "Book" Richardson, did in fact deprive the University of Arizona of its intangible right to Mr. Richardson's honest services.

In order for Christian Dawkins to be found guilty of Counts Four and Five, the Government must prove each of the following elements beyond a reasonable doubt:

1.     That the Defendant;

2.     Participated in a scheme or artifice to defraud;

3.     For the purpose of knowingly and intentionally depriving another of the intangible right of honest services;

4.      Where the misrepresentations (or omissions) made by the Defendant are material in that they have the natural tendency to influence or are capable of influencing the employer to change its behavior; and

5.      Use of the mails or wires in furtherance of the scheme.[16]

The only intent that need be proven in an honest services fraud is the intent to deprive another of the intangible right of honest services.[17]

The phrase scheme or artifice to defraud by depriving another of the intangible right of honest services, in the private sector context, means a scheme or artifice to use the mails or wires to enable an officer or employee of a private entity (or a person in a relationship that gives rise to a duty of loyalty comparable to that owed by employees to employers) purporting to act for and in the interests of his or her employer (or of the other person to whom the duty of loyalty is owed) secretly to act in his or her or the defendant's own interests instead, accompanied by a material misrepresentation made or omission of information disclosed to the employer or other person.[18]

Finally, let me caution you, the honest services wire fraud statute criminalizes only bribery and kickback schemes.[19]

Furthermore, the honest services wire fraud statute cannot support criminal prosecutions involving conflicts of interest.[20]

---

[16] *United States v. Rybicki*, 354 F.3d 124, 147 (2d Cir. 2003).

[17] *Rybicki*, 354 F.3d at 145.

[18] *Rybicki*, 354 F.3d at 146-47.

[19] *Skilling v. United States*, 561 U.S. 358, 409, 130 S. Ct. 2896, 2931 (2010).

[20] *Skilling*, 561 U.S. at 410, 130 S. Ct. at 2932.

After considering all of the evidence or lack of evidence in the case, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find Mr. Dawkins Guilty of Honest Services Wire Fraud.

After considering all of the evidence or lack of evidence in the case, if you decide the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you should find Mr. Dawkins Not Guilty of Honest Services Wire Fraud.

## REQUEST NO. 5

*Count Three – Conspiracy to Commit Honest Services Wire Fraud*

Count Three alleges that from at least 2016 up to and including September 2017, Mr. Dawkins and Mr. Code conspired—that is, agreed—to participate in a scheme with the intent to defraud universities of their intangible right to their employees' honest services by means of payment of bribes to certain men's college basketball coaches at those universities.

As I have already instructed, conspiracy is a crime, separate and distinct from the substantive offense. To prove Count Three, Conspiracy to Commit Honest Services Wire Fraud, the prosecution carries the burden to prove each of the following elements beyond a reasonable doubt:

1.   That the agreement specified in the indictment, namely: an agreement to bribe college basketball coaches and thereby deprive their respective universities of their honest services, existed between at least two people;

2.   That Merl Code corruptly and willfully joined in that agreement; and

3.   That one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

To act "willfully" means to act with actual knowledge of the nature and extent of the

10

agreement and with a specific intent that the underlying crime be committed. A person that should have known, but did not in fact know, of an agreement to engage in criminal behavior is not guilty as a conspirator.

A person acts "corruptly" when he acts voluntarily and intentionally with a bad purpose of accomplishing an unlawful end or by accomplishing a lawful end by unlawful means.

After considering all of the evidence or lack of evidence in the case, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant Guilty of Conspiracy to Commit Honest Services Wire Fraud.

After considering all of the evidence or lack of evidence in the case, if you decide the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you should find the defendant Not Guilty of Conspiracy to Commit Honest Services Wire Fraud.

## REQUEST NO. 6

*Count Six – Travel Act Conspiracy*

Defendants do not put forth an affirmative version of the Travel Act Conspiracy charge. To the extent that a Travel Act violation relies upon a substantive predicate offense, then that offense, whichever chosen by the Government, must be proven beyond a reasonable doubt.

## REQUEST NO. 7

*Defense of Entrapment*

I have determined that the Defendants have sufficiently proven that the Government, or Government agents, initiated the allegedly criminal conduct in this case. For that reason, I will

now instruct you on the defense of Entrapment.[21]

A defendant is not guilty of any offense if it was the Government who gave the defendant the idea to commit the crime and if it was the Government who persuaded him to commit the crime.[22] The prosecution may overcome this defense by proving that the defendant was already predisposed to commit the crime(s) alleged, even without involvement by the Government.[23]

In addition to proving all the elements of the charged offenses beyond a reasonable doubt, the prosecution also bears the burden to disprove this the defense of Entrapment beyond a reasonable doubt.  That is, the prosecution must prove one of the three numbered conditions beyond a reasonable doubt:[24]

1.   That the defendant was already engaged in a course of criminal conduct similar to the crime for which the defendant is charged;

2.   That the defendant had already formed a plan to commit the crime alleged prior to involvement by the Government (or Agent);

3.   That the defendant evinced a willingness to commit the crime without

---

[21] *Mathews v. United States*, 485 U.S. 58, 62, 108 S. Ct. 883, 886 (1988) ("[E]ven if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment.").

[22] *Sorrells v. United States*, 287 U.S. 435, 459, 53 S. Ct. 210, 219 (1932) ("[C]ourts must be closed to the trial of a crime instigated by the government's own agents.").

[23] *United States v. Kopstein*, 759 F.3d 168, 173 (2d Cir. 2014) ("[A] valid defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct.").

[24] *See United States v. Al–Moayad*, 545 F.3d 139, 154 (2d Cir. 2008) (The government may prove predisposition by demonstrating: "(1) [A]n existing course of criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement.").

12

persuasion by the Government (or Agent).

If, after considering all of the evidence or lack of evidence in this case, you find the prosecution has failed to prove one of the above numbered conditions beyond a reasonable doubt, then you must return a verdict of not guilty on all charges to which this defense pertains.

If, after considering all of the evidence or lack of evidence in this case, you find the prosecution has proved one of the above numbered conditions beyond a reasonable doubt, your verdicts must depend upon your full and fair determination of whether the prosecution met its burden of proof with respect to the remaining elements of each offense.

## **REQUEST NO. 8**

*Withdrawal from a Conspiracy*

Withdrawal is an affirmative defense to the crime of conspiracy.[25] Once a person joins a conspiracy, that person remains a member unless and until he withdraws from it completely.[26] However, if a person withdraws from the agreement, he is no longer liable for the post-withdrawal criminal acts committed by his co-conspirators.[27]

To prove withdrawal, a defendant must show one of one of the following by a preponderance of the evidence:

1.     That he took an affirmative step to defeat or obstruct the criminal purpose of the conspiracy; or

---

[25] *United States v. Hamilton*, 538 F.3d 162, 173 (2d Cir.2008) (affirming that "withdrawal from a conspiracy is an affirmative defense which the defendant must prove by a preponderance of the evidence").

[26] *United States v. Diaz*, 176 F.3d 52, 98 (2d Cir.1999) ("Unless a conspirator produces affirmative evidence of withdrawal, his participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators.").

[27] *Smith v. United States*, 568 U.S. 106, 110 (2013); *see also United States v. Ulbricht*, 2015 WL 413426 (S.D.N.Y. 2015).

2.      That he disavowed the conspiracy by telling his co-conspirators that he was no

longer participating in the conspiracy.

A "preponderance of the evidence" means an amount of evidence that persuades you that

something is more likely true than not true. It requires less evidence than proof beyond a

reasonable doubt.

### REQUEST NO. 9

*Adverse Inference Instruction*

The Government failed to produce UC-1 for trial. UC-1 is an undercover agent known to

witnesses by the false name "Jeff D'Angelo." UC-1 is employed by the Government and is

exclusively under their control. Further, the Government actively obstructed the defendants'

attempts to subpoena UC-1 for trial.

In light of these circumstances, you are permitted to infer that UC-1's testimony would

have been harmful to the Government's case and would have been helpful for the defendants.[28]

### REQUEST NO. 10

*Limiting Instruction – Hearsay of UC-1, UC-2*

The Government has introduced a number of statements by UC-1 and UC-2 in this trial.

The introduction of these statements violates the general rule against the admission of out-of-

court statements by non-testifying witnesses. As such, you are required limit your use of these

statements.

---

[28] *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988) ("When "a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction" and fails to produce such witnesses, the jury may infer that "the testimony, if produced, would be unfavorable" to that party.").

14

The statements by UC-1 and UC-2 introduced by the Government are not proof of the matter they assert. You may, however, consider these statements as they bear on the defendants' states of mind. As the finders of fact, you may give whatever weight to this evidence as you believe is appropriate.

## REQUEST NO. 11

*Limiting Instruction – NCAA Violations*

You have heard evidence in this case relating to NCAA rules that govern the conduct of collegiate athletes and coaches. The NCAA is a private association and its regulations and bylaws are not criminal laws. Proof that a defendant violated NCAA rules, or demonstrated a willingness to do the same, is not proof that defendant committed a crime and cannot be used to support an inference that he has a bad character or has a propensity to commit bad acts.[29]

## REQUEST NO. 12

*Limiting Instruction – Prior Felony Conviction*

The credibility of a witness may be challenged by showing that the witness has been convicted of a felony. A previous felony conviction is one factor you may consider in determining the credibility of a witness. It is up to you to determine what weight, if any, is to be given to such a conviction.

*If either Defendant Testifies and His Credibility is Impeached by a Prior Felony Conviction, Defendants Additionally Request the Following Paragraph:*

The defendant is to be tried for the crime charged in this case, and no other. You may consider testimony of a previous conviction only in determining the credibility of the defendant

---

[29] *United States v. Henry*, 363 Fed. Appx. 781, 783 (2d Cir. 2010) ("If other acts evidence is admitted, the court must, if requested, provide a limiting instruction to the jury.") (citing *Huddlestone v. United States*, 485 U.S. 681, 691 (1988)).

15

as a witness, and for no other purpose. When the defendant testifies, his credibility is to be determined in the same manner as any other witness.

## REQUEST NO. 13

*Duty to Avoid Subconscious Bias*[30]

In considering the evidence in this case, you are permitted to rely on your common sense and life experiences. However, you must take special care to evaluate the evidence impartially, meaning without regard to any personal likes or dislikes, opinions, prejudices, sympathies or biases. It would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.

Each of us has biases, perceptions, or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We also all harbor implicit biases, which are a natural product of the fears, preferences, and experiences that lie deep within our subconscious, even without our conscious permission or acknowledgement.[31] Our biases affect how we act, favorably or unfavorably, toward other people. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions. Witnesses can have the same implicit biases.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. Your verdict must be based

---

[30] Adapted from: California Civil CACI 113 (2016) (http://www.courts.ca.gov/partners/documents/CACI_2017_Edition.pdf); *also* Criminal Jury Instructions – Implicit Bias, (W.D. Wash.) (https://www.wawd.uscourts.gov/sites/wawd/files/CriminalJuryInstructions-ImplicitBias.pdf).

[31] *See* Judge Mark W. Bennet, *Unraveling the Gordian Knot of Implicit Bias in Jury Selection: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions*, 4 Harv. Law & Pol. Rev. 149 (2010).

solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party, witness, or lawyer.

## **REQUEST NO. 14**

*Venue*

In addition to all of the elements of the counts that I've described with respect to the alleged crimes, you must consider the issue of venue; namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.

The Southern District of New York includes Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties. In this regard, the Government need not prove that the entirety of any of the charged crimes was committed in the Southern District of New York, or that the defendant you are considering were present here. Instead, venue is proper if you find that:

First, the defendant intentionally or knowingly caused an act in furtherance of the scheme to bribe NCAA men's basketball coaches to occur in the Southern District of New York; or

Second, it was foreseeable to the defendant that such an act would occur in the Southern District of New York.[32]

I should note that on this issue, and this issue alone, the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. However, the Government must prove venue separately as to each of the six counts.[33] If you find that the Government has failed to prove the venue requirement with respect to a given count, then you must acquit the defendant you are considering on that count.

---

[32] *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003).

[33] *United States v. Rutigliano*, 790 F.3d 389, 396 (2d Cir. 2015).

## <u>REQUEST NO. 15</u>

*Defendant's Right Not to Testify*

Every defendant has a constitutional right not to testify. The decision not to testify cannot be used as an inference of guilt and cannot prejudice the defendant. It is not evidence, does not prove anything, and must not be considered for any purpose.

Dated:  New York, New York
April 17, 2019

**NEXSEN PRUET LLC**

s/ Mark C. Moore
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211

**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

**CHANEY LEGAL SERVICES, LLC**
Allen Chaney
Post Office Box 616
Longmont, Colorado 80502
(720) 634-5493

*Attorneys for Defendant Merl Code*

**HANEY LAW GROUP PLLC**

s/ Steven A. Haney
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470

*Attorneys for Defendant Christian Dawkins*

18