

# HANEY LAW GROUP, PLLC
**ATTORNEYS AT LAW**

3000 Town Center Drive, Suite 2570
Southfield, MI 48075
Phone - 248.414.1470 - Fax - 248.414.1471
www.haneylawgroup.net

VIA ECF
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

>   Re:   *United States v. Christian Dawkins and Merl Code*,
>         No. S1 17 Cr. 684 (ER)

Dear Judge Ramos:

Undersigned counsel respectfully submits this letter on behalf of Defendant Christian Dawkins for the purposes of moving to strike any and all testimony offered to this point of trial by the Government's cooperating witness Marty Blazer as to what Blazer believed Mr. Dawkins "meant" by any of the statements contained in the Government's exhibits. We further would move to preclude any such further testimony wherein such subjective speculative testimony would be wrongfully elicited.

## PRELIMINARY STATEMENT

For the past two days, the Government's direct examination of Louis Martin Blazer has largely consisted of a pattern where the Government plays a portion of audio or video evidence for the jury, pauses the recording, then asks:

QUESTION: "Mr. Blazer, what is your understanding of what Mr. Dawkins meant when
     he said [comment]?"

1

We agree with fellow defense counsel this method of questioning is an inappropriate attempt to introduce argument under the guise of evidence. The nature of the questions being asked are calling for Mr. Blazer, a cooperating witness, to give his personal opinion of how another witness's out-of-court statement should be interpreted by the jury. As a cooperating witness, Mr. Blazer is not a true conspirator, so neither Mr. Blazer's state-of-mind with respect to the alleged conspiracy, nor his personal interpretation of the evidence is relevant.

For the reasons set forth below, Mr. Dawkins particularly objects to this line of questioning, and the resulting testimony as to what Mr. Blazer's opinion is to what Mr. Dawkins "meant" by any statements Mr. Dawkins may have made, or any of the statements contained in the Government's exhibits.  Additionally, Mr Dawkins seeks a categorical prohibition on any witness testifying any further as to what Mr. Dawkins knew, believed, or intended at any point in time. The law does not permit the Government to use Mr. Blazer to testify on Mr. Dawkins' behalf, which he has now done for two days, and done so in a manner with a clear motive to represent in the worst light possible.

## ARGUMENT

Lay witnesses may testify as to their opinions so long as the testimony is "rationally based on the witness's perception," is "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Second Circuit has held that lay opinion testimony must satisfy two prongs in order to be admissible: "first, the opinion evidence may be allowed only if the court finds that the opinion is rationally based on the witness's own perceptions; and second, it is to be allowed only if the court concludes that it will be helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992) (internal quotation marks omitted).

 Additionally, Rule 701(b)'s helpfulness requirement mandates the exclusion of "testimony where the witness is **no better suited than the jury** to make the judgment at issue." *Fulton*, 837 F.3d at 293 (quoting *United States v. Meises*, 645 F.3d 5, 16 (1st Cir. 2011) (emphasis added). A witness's testimony may not "simply dress[] up argument as evidence." *Id.* (quoting *Meises*, 645 F.3d at 17). Testimony may be so characterized when a witness "infer[s] [the defendant's] roles not from any direct knowledge, but from the same circumstantial evidence that was before the jury—effectively **usurping the jury's role** as fact-finder." *Id.* (quoting *Meises*, 645 F.3d at 16) (emphasis added). "[W]here a case agent's testimony leaves the jury 'to trust that [the case agent] had some information – information unknown to them – that made him better situated to interpret the words used in the calls than they were,' when, in fact, he does not, such testimony is

2

inadmissible under Rule 701(b)." *United States v. Jackson*, 849 F.3d 540, 554 (3d Cir. 2017) (quoting *United States v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013) (citing *United States v. Hampton*, 718 F.3d 978, 982–83 (D.C. Cir. 2013); *see also Meises*, 645 F.3d at 16–17; *United States v. Johnson*, 617 F.3d 286, 292–93 (4th Cir. 2010); *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007); *United States v. Garcia*, 413 F.3d 201, 213–14 (2d Cir. 2005); *United States v. Grinage*, 390 F.3d 746, 750–51 (2d Cir. 2004)). After all, the role of the "prosecutor [is] to argue in summation" what inferences to draw from the evidence. *Id.* (quoting *Meises*, 645 F.3d at 17).

In *Jackson*, the Third Circuit further held that under FRE 701(b)'s helpfulness requirement, "lay witnesses may provide opinions about their understandings of recorded conversations when '[t]o the uninitiated listener, [the speaker] speaks ***as if he were using code***' and the witness's 'opinions are based upon his direct perception of the event, are not speculative, and are helpful to the determination' of a fact in the case if the 'trial court vigorously police[s] the government's examination of [the witness] to ***ensure that he [is] not asked to interpret relatively clear statements***.'" 849 F.3d at 553–54 (quoting *United States v. De Peri*, 778 F.2d 963, 977–78 (3d Cir. 1985) (emphasis added)). There, the Government's witness testified that the defendant's statement, "you can go ahead and send him" meant "it is okay now to send [a co-conspirator] to purchase cocaine in Dallas." *Jackson*, 849 F.3d at 554. Based on the rationale above, the Court concluded that the district court "erroneously permitted [the Government's witness] on several occasions to express his understanding of the meaning of clear conversations" and to provide "unhelpful argument under the guise of evidence." *Jackson*, 849 F.3d at 554.

Mr. Blazer has no ability to access the thoughts of Mr. Dawkins and is no better position to interpret the meaning of Mr. Dawkins' statements than the jury. For that reason, Mr. Blazer's opinion as to what Mr. Dawkins "meant" is unhelpful for the jury and thus inadmissible. Insofar as Mr. Blazer is allowed to interpret Mr. Dawkins' statements with impunity, he has become a vehicle for introducing argument rather than evidence.

Finally, the Second Circuit has held that FRE 701 does not permit a witness to opine as to another witness's knowledge. *Rea*, 958 F.2d at 1216 ("When the issue is a party's knowledge, which is perhaps a more easily fathomed state of mind than, for example, intent or motivation, we suspect that in most instances a proffered lay opinion will not meet the requirements of Rule 701."). For two days now Mr. Blazer has repeatedly testified as to his self-serving belief that he knows what Mr. Dawkins knew, believed, or intended during the timeframe at issue. We submit the Court should strike all such testimony and the Government should be barred from this continued improper exercise of allowing Mr. Blazer to testify for Mr. Dawkins, in a manner that clearly is contrary to his best interests. Testimony that Mr. Blazer has presented in a light, which for

obvious reasons, is most favorable to those he seeks to please in an effort of establishing his substantial assistance in the prosecution of the same individual whose mind he is reading.

## REQUEST

Defendant Dawkins therefore respectfully requests that the Court strike all such testimony by Government cooperating witness Marty Blazer and preclude the Government from engaging in this line of questioning; or, in the alternative, significantly limit the Government's use of this type of questioning to specific circumstances, if any, that the Court believes is appropriate under Fed. R. Evid. 701. Resolution of this matter before the Government resumes with Mr. Blazer is in the interest of both parties and will reduce interruptions for the jury.

Respectfully submitted,

_____
Steven A. Haney, Sr.
Attorney at Law


cc:     Eli Mark, Esq. (via ECF)
        Noah Solowiejczyk, Esq. (via ECF)
        Robert Boone, Esq. (via ECF)

4