J589DAW1

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
     UNITED STATES OF AMERICA,
3
                v.                           17 CR 684 (ER)
4
     CHRISTIAN DAWKINS AND MERL
5    CODE,
6               Defendants.
     ------------------------------x
7
                                             New York, N.Y.
8                                            May 8, 2019
                                             11:10 a.m.
9
     Before:
10                    HON. EDGARDO RAMOS
11                                           District Judge
12
                            APPEARANCES
13
     GEOFFREY S. BERMAN
14        United States Attorney for the
          Southern District of New York
15   ROBERT L. BOONE
     NOAH D. SOLOWIEJCZYK
16   ELI J. MARK
          Assistant United States Attorneys
17
     HANEY LAW GROUP PLLC
18        Attorney for Defendant Dawkins
     BY:  STEVEN A. HANEY
19
     CHANEY LEGAL SERVICES, LLC
20   BY:  DAVID A. CHANEY, JR.
                  -and-
21   NEXSEN PRUET, LLC
     BY:  ANDREW A. MATHIAS
22        Attorneys for Defendant Code
23   ALSO PRESENT:  JOHN VOURDERIS, Special Agent FBI
     YOLANDA BUSTILLO, Paralegal Specialist USAO
24   EMILY GOLDMAN, Paralegal Specialist USAO
25
```

J589DAW1

1           (Jury not present)

2           THE COURT:  We do have another note and it asks us to

3     provide further definition of specific intent that's defined at

4     the bottom of page 30.  And the note reads as follows:  On the

5     bottom of page 30, specific intent to defraud means to

6     knowingly, willfully, and with specific intent to deceive for

7     the purpose of depriving, etc.  Can you redefine without

8     reusing the same term?  And they also ask for coffee.

9           MR. MARK:  With a smiley face.

10          THE COURT:  Smiley face.  And then I will give the

11    parties a couple of minutes to think about how they may want to

12    respond.

13          MR. HANEY:  We may, your Honor.

14          THE COURT:  OK.

15          (Pause)

16          THE COURT:  You folks ready?

17          MR. HANEY:  Yes, your Honor.

18          MR. CHANEY:  Yes, your Honor.

19          THE COURT:  OK.  Mr. Solowiejczyk.

20          MR. SOLOWIEJCZYK:  Your Honor, we have reviewed the

21    note.  We think that there's some language that could just give

22    the jury a little more color about the sorts of things they

23    need to consider in assessing specific intent to defraud.  I

24    don't think there's a way to redefine what those terms mean.

25    It would just be about putting a little more meat on the bones

J589DAW1

| | |
|---|---|
| 1 | for them and giving them some things to think about.  So we |
| 2 | have some proposed language for your Honor's consideration. |
| 3 | THE COURT:  OK. |
| 4 | MR. SOLOWIEJCZYK:  I was starting to write it out but |
| 5 | I can just read it aloud. |
| 6 | THE COURT:  OK. |
| 7 | MR. SOLOWIEJCZYK:  This is actually from the charge |
| 8 | that Judge Kaplan gave in the Gatto case so I'll read that and |
| 9 | we have a second portion that relates specifically to honest |
| 10 | services fraud because the Gatto case was just a straight wire |
| 11 | fraud case, as your Honor knows. |
| 12 | THE COURT:  You can sit down.  Move the microphone |
| 13 | closer. |
| 14 | MR. SOLOWIEJCZYK:  So, this is the first proposed |
| 15 | language. |
| 16 | The ultimate facts of knowledge and criminal intent, |
| 17 | though subjective, may be established by circumstantial |
| 18 | evidence based upon a person's outward manifestations, his or |
| 19 | her words, his or her conduct, his or her acts and all of the |
| 20 | surrounding circumstances and the rational or logical |
| 21 | inferences that may be drawn from it.  You may also infer, but |
| 22 | are not required to infer, that people intend the natural and |
| 23 | probable consequences of their actions.  Accordingly, when the |
| 24 | necessary result of a scheme is to deceive others, fraudulent |
| 25 | intent may be inferred from the scheme itself. |

J589DAW1

1          That's from the Second Circuit D'Amato case, your

2    Honor.

3          THE COURT:  D'Amato?

4          MR. SOLOWIEJCZYK:  That particular line.

5          And then this is specific to honest services fraud.

6    And this comes from I can cite the cases afterwards but this is

7    from our requests to charge.

8          However -- actually no however.  You may consider any

9    evidence that the defendants intended that the relevant coach

10   would intentionally not disclose or conceal material

11   information about a financial or personal conflict of interest,

12   money received, or any behavior indicating consciousness of

13   guilt as evidence of specific intent to defraud.

14         That's adapted from Judge Preska's charge in U.S. v.

15   Tanner which was a private sector honest services fraud case.

16   In addition, similar charges were given in United States v.

17   Percoco, 16 CR 776.  There's a Second Circuit case called

18   Middlemiss, 217 F.3d 112 that the jury can infer criminal

19   intent from nondisclosure of financial interests by a public

20   official.  And then United States v. Sawyer, 85 F.3d 713 (First

21   Circuit 1996) where a public official has an affirmative duty

22   to disclose material information, intentional violation of that

23   duty proves deceit.

24         And here, your Honor, there was evidence that these

25   coaches had ongoing disclosure duties.  There was also

J589DAW1

1    evidence, explicit discussions in the evidence about how the

2    defendants knew the coaches could not disclose these payments,

3    that these payments would actually have to be hidden.  So we

4    think it's appropriate, and there's at least, as to one

5    witness, evidence that they affirmatively did not disclose to

6    the university.

7            THE COURT:  Mr. Chaney.

8            MR. CHANEY:  And, your Honor, I don't think -- much

9    like the answer to the first question, I don't think that the

10   government's proposed answer is responsive to the question.

11           The jury is not asking what evidence should we rely

12   upon to make this decision.  They're asking a very pointed

13   question which is:  What does specific intent to defraud mean?

14   And they're asking directly for the definition to not include

15   the phrase "specific intent."  I think they quote directly from

16   the Court's charges on page 30 which uses the phrase "specific

17   intent" to define the phrase specific intent.

18           The defense proposed answer to the question goes

19   directly to answer just that question and nothing more without

20   unduly highlighting any of the evidence that the jury has

21   received in this case.

22           As the Court knows, it's the jury's job to weigh and

23   apportion evidence as they see fit.  And I think the

24   government's proposed answer to this question unduly highlights

25   the evidence, particularly highlighting evidence that the

J589DAW1

1    government believes shows that either or both of the defendants

2    is guilty which is inappropriate.

3              So our proposed answer is:  A person acts with

4    specific intent to deceive when the conscious objective of his

5    or her conduct is to deceive for the purposes of depriving the

6    relevant university of its right to its coach's honest

7    services.  It simply uses the phrase "conscious objective"

8    which is pretty common in case law when associating definitions

9    with specific intent and answers the question of how do we

10   define this phrase without using --

11             THE COURT:  Can you repeat that.  A person acts with

12   specific intent when?

13             MR. CHANEY:  With specific intent to deceive when the

14   conscious objective of his or her conduct is to deceive for the

15   purpose of depriving the relevant university of its right to

16   its coach's honest services.

17             THE COURT:  The last part again?  Of his or her

18   conduct is --

19             MR. CHANEY:  To deceive for the purpose of depriving

20   the relevant university of its right to its coach's honest

21   services.

22             That second part is the continuation after the

23   ellipses in the jury's question.  It's what's already in the

24   instruction.

25             MR. SOLOWIEJCZYK:  Your Honor, a couple things.

J589DAW1

1          One, I think the specific intent to deceive, the

2   language we proposed in particular about undisclosed financial

3   interests, concealment of those things, it actually goes

4   straight to specific intent to deceive.  It is responsive to

5   that.  It explains further the ways they can infer whether

6   there was specific intent to deceive or not.  So it is

7   responsive to the question.

8          THE COURT:  Why don't you -- are you able to printout

9   what you have, to write it -- to give it to me in --

10          MR. SOLOWIEJCZYK:  Yes, we can.  If we could have one

11   minute for a paralegal to go get a laptop we can type it out

12   for you very quickly.

13          THE COURT:  Because I think I want to incorporate

14   aspects of both of your recommendations.

15          MR. CHANEY:  Your Honor, if we're going to be in the

16   business of pointing the jury to particular arguments, then the

17   defense would ask for a few minutes to write our own arguments

18   like the government.

19          MR. SOLOWIEJCZYK:  Your Honor, one thing on the

20   defendants' proposed instruction, the conscious objective

21   language the government does view as problematic.  As your

22   Honor is aware from the charge that you've already given, there

23   is the dual intent instruction.  And the defendants don't need

24   to be solely motivated by an intent to defraud.  It just needs

25   to be a partial motivation.  The conscious objective language

J589DAW1

1    risks the jury thinking that that needs to be sort of the sole

2    driving purpose of why they're doing what they're doing.

3              So we do have some issues with it.  And we're not -- I

4    mean, look, obviously specific intent to defraud has been

5    defined many times in many different places and it's not

6    typically defined by using the term conscious objective.

7              THE COURT:  Let's wait and see what we got.

8              MR. SOLOWIEJCZYK:  We have our proposed language here

9    for your Honor's review.  I'm going to let my colleague look at

10   it.

11             THE COURT:  I'm sorry?

12             MR. SOLOWIEJCZYK:  We have the proposed language.  I'm

13   going to let my colleagues read it to make sure it's

14   understandable.

15             THE COURT:  OK.

16             (Pause)

17             THE COURT:  Can we get a copy?

18             MR. SOLOWIEJCZYK:  We could also type this out if

19   that's easier, your Honor.

20             THE COURT:  Let me just read it.  Government's

21   proposed additional language.  The ultimate facts of knowledge

22   and criminal intent, though subjective, may be established by

23   circumstantial evidence based upon a person's outward

24   manifestation, his or her words, his or her conduct, his or her

25   acts, and all of the surrounding circumstances and the rational

J589DAW1

1    or logical inferences that may be drawn from it.  You may also

2    refer, but are not required to infer, that people intend the

3    natural and probable consequences of their actions.

4         Accordingly, when the necessary result of a scheme is

5    to deceive others, fraudulent intent may be inferred from the

6    scheme itself.  You may consider any evidence that the

7    defendants intended that the relevant coach would intentionally

8    not disclose or conceal material information about a financial

9    or personal conflict of interest, money received or any

10   behavior indicating consciousness of guilt as evidence of

11   specific intent to defraud.

12        So that's that language.

13        MR. CHANEY:  Your Honor, with respect to what I can

14   remember from what the Court just read, we would renew our

15   objection on the same grounds.  We think that the thrust of it

16   is problematic for substantially the same reasons I already

17   brought up, particularly the last paragraph where there is

18   explicit reference to particular facts in the case.  From what

19   I -- what appeared to be the first paragraph of the

20   government's instruction, these are the things you can

21   generally use, we don't have as strong of an objection to that.

22   I think it's just the general statement of what the jury can

23   rely upon in determining the facts and applying it to the law.

24   So it seems substantially similar to what the Court has already

25   charged them on.

J589DAW1

| | |
|---|---|
| 1 | THE COURT:  I'll think in the first place it's not |
| 2 | unusual for jury instructions in the first instance to |
| 3 | incorporate actual facts of the case.  I tend not to do that |
| 4 | just because it creates a lot of controversy amongst the |
| 5 | parties and I give them just sort of the basic outlines of the |
| 6 | definition.  But it's not unusual for courts to do that. |
| 7 | Here, the jury apparently is struggling with how to |
| 8 | approach a particular subject.  And I think it's helpful to |
| 9 | give them some idea of how they can construe the evidence in |
| 10 | the case in helping them to get at this issue. |
| 11 | MR. HANEY:  Your Honor, may I add? |
| 12 | My position really, your Honor, is similar to the |
| 13 | first issue that we had.  This is a smart jury.  We have two |
| 14 | lawyers on the jury. |
| 15 | I believe that asking the government and asking the |
| 16 | defense to provide a clarifying instruction, what it's really |
| 17 | doing is a self-serving process.  Certainly the government is |
| 18 | not going to offer an instruction that I submit, though I |
| 19 | believe they're in good faith doing their job, they're not |
| 20 | going to submit an instruction that's going to help the |
| 21 | defense, for sure; and the defense isn't going to submit an |
| 22 | instruction or any proposed clarity that's going to help the |
| 23 | government. |
| 24 | I believe that this jury should be able to figure this |
| 25 | out.  They have it defined for them.  They're a smart jury. |

J589DAW1

1       And they listened very intently to this case; one of the

2       smartest juries I've ever tried a case in front of, your Honor.

3       I think your Honor would probably agree.  I think they should

4       be able to figure this out without having self-serving

5       interjections from both sides.

6              THE COURT:  Clearly, they're not.  So they requested

7       guidance.

8              MR. CHANEY:  Your Honor, to the degree --

9              THE COURT:  By the way, it's not because they're not

10      smart.  These are some difficult concepts.

11             MR. HANEY:  Understood.

12             MR. CHANEY:  Insofar as the Court is considering

13      adding some instructions that incorporate the facts of our

14      case, the defendants would propose the following language:

15      When assessing whether the government has proved if either

16      defendant acted with the specific intent to deceive, you may

17      consider whether the defendants believed that the respective

18      universities had knowledge of or endorsed their coach's

19      practice of violating NCAA rules during the recruitment of

20      college athletes.  If the defendants believed that they were

21      inducing coaches to engage in conduct that was expected by

22      their respective universities, they may lack the specific

23      intent to defraud those universities of the honest services of

24      their coaches.

25             THE COURT:  That I will not instruct them on.  OK.

J589DAW1

1          Let me ask the parties their view of something along

2     these lines and I'm happy to hear any argument against it.

3          Whether the particular defendant you are considering

4     intended to break the law does not matter.  What matters is

5     whether he intended to do that which is unlawful.

6          MR. SOLOWIEJCZYK:  No objection from the government on

7     that.

8          MR. CHANEY:  We think that's an accurate statement of

9     law.  So I don't think I can object to that.

10          THE COURT:  Very well.  So why don't I work on this a

11     little bit and come back out.  I don't think we've gotten a

12     note asking -- telling us to hurry up.  As we know, they are

13     perfectly capable of doing that.  OK.

14          Also I have an 11:45.  So if they're here -- and I

15     don't see anyone here.

16          (Continued on next page)

17

18

19

20

21

22

23

24

25

J58HDaw2

1          THE COURT:  Any objections?

2          MR. MARK:  No, your Honor.

3          MR. CHANEY:  One moment, Judge.

4          THE COURT:  Yes.  I hope to give them a copy of this.

5          MR. CHANEY:  Your Honor, I can speak for Mr. Code.  I

6     think Mr. Haney can either piggyback on what I have to say or

7     add his own comments.

8          With respect to the Court's use of the language that

9     the defense already proposed being in the second sentence of

10    the second paragraph --

11         THE COURT:  Yes.

12         MR. CHANEY:  -- "On the facts of this case, a person

13    acts with specific intent to deceive when," and the Court took

14    out the word "conscious."  I believe we had "the conscious

15    objective" and the Court used the indefinite article and took

16    out the word "conscious."  I think if we leave the switch to

17    the indefinite article but put back the word "conscious"

18    because it's clear it cannot be an accidental purpose.  It is

19    the conscious purpose.  They do already have an instruction on

20    dual intent, but it must be an intent, one that's known in the

21    mind of the actor when the conduct occurs.  So we would ask

22    that "conscious" be put back in that statement.

23         We would object to everything after the word

24    "accordingly."  If the Court leaves those statements in, we

25    think that the word "others" at the -- "Accordingly, when the

J58HDaw2

1   necessary result of a scheme is to deceive others," I think

2   that's somewhat misleading under the context because if you're

3   trying to deceive someone other than the victim, then we don't

4   think that's an appropriate statement of the law.

5           THE COURT:  I'm happy to take "others" out.

6           MR. CHANEY:  We would ask that "others" be modified to

7   "the victim of the fraud," or something like that, because

8   that's the intent that matters.  For example, if there is a

9   scheme to deceive the NCAA, that does not necessarily -- then

10  it doesn't stand to reason that fraudulent intent to deceive a

11  university may be inferred from that scheme.

12          THE COURT:  Anything else?

13          MR. CHANEY:  That's it, Judge.

14          THE COURT:  OK.  Mr. Solowiejczyk.

15          MR. SOLOWIEJCZYK:  Your Honor, on the "deceive

16  others," we're OK changing it to "deceive the university."  We

17  don't have a problem with that so it's not confusing.

18          On the "conscious objective" language, your Honor,

19  one, the charge is full of repeatedly informing the jury that

20  they can't -- that this has to be done knowingly.  That's been

21  made very clear to the jury.  But, two, the word "objective,"

22  you can't have an unconscious objective.  An objective is

23  something that you seek to do.  So you don't need the word

24  "consciously" respectfully.

25          MR. CHANEY:  And, your Honor, I can point the Court to

J58HDaw2

1    probably a half dozen cases even in the fraud context where the

2    phrase "conscious objective" is used explicitly to instruct the

3    jury, even from this district.  I'll cite the Court to U.S. v.

4    Karron, K-a-r-r-o-n, 750 Fed.Supp.2d 480.  That's a Southern

5    District from 2011 saying, for example, the defendant's

6    misapplication must have been the product of the defendant's

7    conscious objective to spend the money for an unauthorized

8    purpose, using that phrase to define for the jury specific

9    intent.  It is not a phrase that the defense is making up out

10   of thin air.  It is a common legal phrase used to define

11   specific intent.

12          THE COURT:  OK.

13          MR. HANEY:  Your Honor, my only point would be on

14   behalf of my client, at the point where it says "you may

15   consider," that last sentence, which does piggyback on the

16   comments by Mr. Chaney after "accordingly," but more

17   specifically, "You may consider any evidence that the

18   defendants intended that the relevant coach would intentionally

19   not disclose, or conceal, material information about a

20   financial or personal conflict of interest, money received or

21   any behavior, indicating consciousness of guilt as evidenced by

22   a specific intent to defraud," we would object to that last

23   sentence in that particular instruction, your Honor.

24          THE COURT:  Very well.  Over the defense objections, I

25   will leave this as is except with respect to the sentence that

J58HDaw2

1    begins "accordingly," it will read:  "Accordingly, when the

2    necessary result of a scheme to deceive the university you are

3    considering, fraudulent intent may be inferred from the scheme

4    itself."

5            Actually, does that make sense?

6            MR. CHANEY:  It does.  I think you skipped the word

7    "is."

8            THE COURT:  OK.

9            MR. CHANEY:  But yes.

10           THE COURT:  "Is to deceive."  OK.  So we'll make that

11   change.

12           Ms. Dong, can you do that and print it out for me, and

13   then we'll bring the jury out.  OK.  And make another half a

14   dozen copies for the jury.

15           Can you tell the CSO to bring out the jury.

16           THE DEPUTY CLERK:  Yes.

17           (Discussion off the record)

18           MR. CHANEY:  Your Honor, do I have like five seconds

19   before the jury comes out?

20           THE COURT:  Five seconds.

21           MR. CHANEY:  OK.  I would also cite to *Jacobowitz*,

22   which is 877 F.2d 162, Second Circuit from 1989:  The intent to

23   defraud means that the offender has a conscious, objective

24   desire or purpose to deceive.

25           THE COURT:  I took that out primarily because -- just

J58HDaw2

1    to make easier for the jury, just to put it in as natural

2    language as possible.  I think that the essence of that phrase

3    is in there.

4                 Off the record.

5                 (Discussion off the record)

6                 THE COURT:  Several of the jurors apparently took a

7    break, get out of the room, and they're working their way back,

8    I hope.

9                 (Jury present)

10                THE COURT:  Everyone, please be seated.

11                Good afternoon, ladies and gentlemen.  Good to see you

12   all again.  We've gotten your note, and it reads -- it's been

13   marked Court Exhibit 8, and it reads as follows:

14                "On the bottom of page 30, specific intent to defraud

15   means to knowingly, willfully, and with the specific intent to

16   deceive for the purpose of depriving ... Can you redefine

17   without using the same term?  Please also send more coffee!

18   Smiley face."

19                OK.  So I will read you this further instruction, and

20   I will also provide copies of it for you.

21                Because intent is a state of mind, it can rarely be

22   proved with direct evidence and ordinarily must be inferred

23   from the facts of the case.  More specifically, the ultimate

24   fact of criminal intent, though subjective, may be established

25   by circumstantial evidence based on a person's words, his

J58HDaw2

conduct, his acts, and all of the surrounding circumstances,

and the logical inferences that may be drawn from them.  You

may also infer, but are not required to infer, that people

intend the natural and probable consequences of their actions.

            Whether the particular defendant you are considering

intended to break the law does not matter.  What matters is

whether he intended to do that which is unlawful.  On the facts

of this case, a person acts with specific intent to deceive

when an objective of his conduct is to deceive for the purpose

of depriving the relevant university of its right to its

coach's honest services.  Accordingly, when the necessary

result of a scheme is to deceive the university you are

considering, fraudulent intent may be inferred from the scheme

itself.  You may consider any evidence that the defendants

intended that the relevant coach would intentionally not

disclose, or conceal, material information about a financial or

personal conflict of interest, money received, or any behavior

indicating consciousness of guilt as evidence of specific

intent to defraud.

            So that is the further instruction.  We will provide

you with copies.  You may now resume with your deliberations.

            (Jury deliberations resumed at 12:21 p.m.)

            THE COURT:  Everyone can be seated.  We will await

further word.

            (Recess pending verdict)

J58HDaw4

1          THE COURT:  The parties can come up in the Dawkins

2     matter.  I assume that you have been told that we received a

3     note from the jury that they have reached a verdict.

4          Does either side wish me to poll the jury?

5          MR. CHANEY:  Yes, please, your Honor.

6          THE COURT:  Very well.  The jury will be polled.

7          Ms. Rivera.

8          So the parties are aware, it's my practice to speak

9     with the jury afterwards.  I speak with them for five minutes.

10    I don't speak with them about the substance of the case.  I

11    simply ask them about the experience and whether there's

12    anything that we as the court can do to make the experience

13    better, that type of thing.  I will also instruct them that

14    they will be free to speak with anyone, including the parties

15    and the press, if you folks want to speak with them, but that

16    they are also free to simply go home.  And if that is what they

17    express to you once they are done, then all of you, including

18    members of the press, are to leave them alone and let them go

19    on their way.  OK?

20         MR. HANEY:  Thank you, your Honor.

21         (At 2:47 p.m., jury present)

22         THE COURT:  Everyone, please be seated.

23         Ms. Rivera is getting a verdict form.

24         Ladies and gentlemen, we have received your note.  It

25    has been marked Court Exhibit 8A, and it reads as follows:  "We

J58HDaw4

1    have reached a verdict."

2              Is that correct, madam foreperson?

3              THE FOREPERSON:  It is, your Honor.

4              THE COURT:  Ms. Rivera, would you please get the

5    verdict.

6              Ms. Rivera, please take the verdict.

7              THE DEPUTY CLERK:  Count One, conspiracy to commit

8    bribery.  As to Count One, how do you find the defendant

9    Christian Dawkins, guilty or not guilty?

10             THE FOREPERSON:  Guilty.

11             THE DEPUTY CLERK:  As to Count One, how do you find

12   the defendant Merl Code, guilty or not guilty?

13             THE FOREPERSON:  Guilty.

14             THE DEPUTY CLERK:  Count Two, bribery.  As to Count

15   Two, how do you find the defendant Christian Dawkins, guilty or

16   not guilty?

17             THE FOREPERSON:  Guilty.

18             THE DEPUTY CLERK:  As to Count Two, how do you find

19   the defendant Merl Code, guilty or not guilty?

20             THE FOREPERSON:  Not guilty.

21             THE DEPUTY CLERK:  Count Three, conspiracy to commit

22   honest services wire fraud.  As to Count Three, how do you find

23   the defendant Christian Dawkins, guilty or not guilty?

24             THE FOREPERSON:  Not guilty.

25             THE DEPUTY CLERK:  As to Count Three, how do you find

J58HDaw4

1     the defendant Merl Code, guilty or not guilty?

2              THE FOREPERSON:  Not guilty.

3              THE DEPUTY CLERK:  Count Four, honest services wire

4     fraud, Lamont Evans.  As to Count Four, how do you find the

5     defendant Christian Dawkins, guilty or not guilty?

6              THE FOREPERSON:  Not guilty.

7              THE DEPUTY CLERK:  Count Five, honest services fraud,

8     Emanuel Richardson.  As to Count Five, how do you find the

9     defendant Christian Dawkins, guilty or not guilty?

10             THE FOREPERSON:  Not guilty.

11             THE DEPUTY CLERK:  Count Six, conspiracy to violate

12    the Travel Act.  As to Count Six, how do you find the defendant

13    Christian Dawkins, guilty or not guilty?

14             THE FOREPERSON:  Not guilty.

15             THE DEPUTY CLERK:  As to Count Six, how do you find

16    the defendant Merl Code, guilty or not guilty?

17             THE FOREPERSON:  Not guilty.

18             THE COURT:  You may be seated.

19             Ladies and gentlemen, on behalf of the court, on

20    behalf of the parties, I want to thank you for all of your hard

21    work.  It's been very evident to me just how hard you've been

22    working.  And I want you to appreciate that a defining feature

23    of our system of justice is that when we have very difficult,

24    indeed, momentous decision to make involving the very liberty

25    of our fellow citizens, we literally turn to our neighbors, and

J58HDaw4

1    we rely on your collective wisdom to help us make these very

2    important decision.  So I hope that you appreciate the very

3    important role that you have played in that regard.

4            Your service is now complete.  You may now discuss

5    this case with anyone you wish, or if you wish, you may discuss

6    this case with no one.  The parties may wish to speak with you

7    as you leave in order that they may learn what motivated you to

8    choose or to decide the case in the way that you did, and you

9    may discuss this case -- you may speak with them if you wish,

10   and if you do not wish to speak with them, simply let them know

11   that, and they will leave you alone and you may go about your

12   lives.

13           If I can bother you just to wait a couple minutes in

14   the jury room, and I'll be back in just a second.  OK.

15           MR. SOLOWIEJCZYK:  Your Honor, they asked to poll the

16   jury.

17           THE COURT:  Oh, I'm sorry.  You have to sit back down.

18   My fault.  I need to ask each of you a question.

19           Juror No. 1, is this your verdict, yes or no?

20           JUROR:  Yes.

21           THE COURT:  Juror No. 2, is this your verdict?

22           JUROR:  Yes.

23           THE COURT:  Juror No 3, is this your verdict?

24           JUROR:  Yes, it is.

25           THE COURT:  Juror No. 4, is this your verdict?

J58HDaw4

1      JUROR:  Yes.

2      THE COURT:  Juror No. 5, is this your verdict?

3      JUROR:  Yes.

4      THE COURT:  Juror No. 6, is this your verdict?

5      JUROR:  Yes.

6      THE COURT:  Juror No. 7, is this your verdict?

7      JUROR:  Yes.

8      THE COURT:  Juror No. 8, is this your verdict?

9      JUROR:  Yes.

10     THE COURT:  Juror No. 9, is this your verdict?

11     JUROR:  Yes.

12     THE COURT:  Juror No. 10, is this your verdict?

13     JUROR:  Yes.

14     THE COURT:  Juror No. 11, is this your verdict?

15     JUROR:  Yes.

16     THE COURT:  Juror No. 12, is this your verdict?

17     JUROR:  Yes.

18     THE COURT:  Thank you.  So say you all.  Now.

19     (Jury excused)

20     THE COURT:  Everyone can be seated.

21     Folks, I don't know if you wanted to make motions now

22  or if you wanted to reserve your right to make such motions.

23     MR. CHANEY:  We would reserve at this time.

24     MR. HANEY:  Reserve as well, your Honor.  Thank you.

25     THE COURT:  Unless there's anything else you want need

J58HDaw4

1   me to do, I want to thank the attorneys and the attorneys that

2   here on a *pro hac vice* basis.  Your professionalism and

3   courtesies were both always incredibly appreciated.  And like I

4   said, I'll speak with the jury; I'll speak with them briefly.

5   You can speak with them if they wish.  Otherwise, leave them

6   alone.  OK.

7           MR. HANEY:  Yes, your Honor.

8           (Adjourned)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25