# EXHIBIT A

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF SOUTH CAROLINA
 2                        COLUMBIA DIVISION

 3
         Brian Bowen, II,              )
 4                                     )
                  plaintiff,           )
 5                                     )
                  -versus-             )    318-cv-03118
 6                                     )    February 3, 2021
         Adidas America Inc.,          )    Columbia, SC
 7       James Gatto, Merl Code,       )
         Christian Dawkins, Munish     )
 8       Sood, Thomas Gassnola,        )    ** also cross claim **
         Christopher Rivers,           )
 9       Gatto, Merl Code,             )
                                       )
10                DEFENDANTs.          )
         _____)
11

12         BEFORE THE HONORABLE JOSEPH F. ANDERSON, JR.
             UNITED STATES DISTRICT JUDGE, PRESIDING
13                        motion hearing

14       A P P E A R A N C E S:

15       For the Plaintiff:        Colin Ram, esq.
         and cross claim           W Mullins McLeod, esq.
16       defendant                 McLeod Law Group LLC
                                   PO Box 21624
17                                 Charleston, SC   29413

18       For the Defendant:        Matthew T Richardson, esq.
         Adidas America            Wyche PA
19                                 807 Gervais Street, Suite 301
                                   Columbia, SC   29201
20
         (via telephone)           William Howard Taft, V, esq.
21                                 Debevoise and Plimpton
                                   919 Third Avenue
22                                 New York, NY   10022
                                   PRO HAC VICE
23
         For the Defendant:        Deborah B Barbier, esq.
24       Gatto                     Barbier Law Office
                                   1811 Pickens Street
25                                 Columbia, SC   29201
```

```
 1     For the Defendant:        Terry Allan Finger, esq.
       Merl Code                 Finger Fraser and Andrews
 2     (via telephone)           PO Box 24005
                                 Hilton Head Island, SC  29925
 3
       For the Defendant:        Steven Alan Haney, esq.
 4     Christopher Dawkins       Haney Law Group
                                 3000 Town Center, Suite 2570
 5                               Southfield, MI  48075
                                 PRO HAC VICE
 6
       For the Defendant:        Cory E Manning, esq.
 7     Christopher Rivers        Nelson Mullins Riley and
                                 Scarborough LLP (Columbia)
 8                               Meridian Building, 17th Floor
                                 1320 Main Street
 9                               Columbia, SC  29201

10                               Robert L Lindholm, Jr., esq.
                                 Nelson Mullins Riley and
11                               Scarborough (Charlotte)
                                 301 South College Street
12                               23rd Floor
                                 Charlotte, NC  28202
13
       Court Reporter:           Kathleen Richardson, RMR, CRR
14                               United States Court Reporter
                                 901 Richland Street
15                               Columbia, SC  29201

16

17              STENOTYPE/COMPUTER-AIDED TRANSCRIPTION

18                      *** *** *** ***

19

20

21

22

23

24

25
```

1    THE COURT: We are here today in the civil case of
2  Brian Bowen, Junior, against Adidas and others.  It is Civil
3  Docket 3:18-3118.  We have a variety of discovery motions to
4  consider and also a proposal to amend the scheduling order to
5  some extent.
6    Mr. Terry Finger, who represents one of the defendants,
7  is listening in my phone.  He called me and informed me that
8  he did not have any argument to make today, he's not the
9  subject of any of the discovery motions, and I told him he
10 did not need to drive up from Hilton Head just to sit in the
11 courtroom.
12    Also, Mr. Taft is in New York.  He represents I believe
13 Adidas, and he says if he flies down here and goes back,
14 he'll have to quarantine for 14 days and can't see his
15 children, so I excused his attendance.  And then there is a
16 news reporter on the line.
17    We got directives from Washington early in the shutdown
18 that if we conducted a hearing in whole or in part remotely,
19 the news media has a right to participate remotely.  So there
20 is a news reporter on the line to just listen only.
21    So with that, let's get into these motions.  I'd like to
22 first...
23    THE CLERK: Mr. Haney is here.  He represents
24 Christian Dawkins.  Mr. Finger is his local counsel.
25    THE COURT: Okay.  So Mr. Haney, you are here for

1   that defendant.
2           MR. HANEY: I am, Your Honor.
3           THE COURT: Your local counsel is down in Hilton
4   Head listening by phone.
5           MR. HANEY: Yes, sir.
6           THE COURT: Thank you for that correction. All
7   right. Before we get into the motion, I'd like to find out
8   about the exact status of the New York criminal matters. We
9   pulled up the docket and it's very confusing. But it
10  appears -- and correct me if I misstate this -- there were
11  two cases filed close in time assigned to two different
12  district judges. Both of them have been tried to conclusion.
13  One has gone up on appeal. The convictions were affirmed and
14  there is a petition for re-hearing pending. The other one is
15  on appeal pending appellate review. Is that correct?
16          MR. HANEY: Your Honor, I'm involved. I was
17  involved in both of these trials in New York, and that is --
18  this is--
19          THE COURT: Hold on. Does the court reporter know
20  the names of all these? You've got a seating chart? All
21  right. Go ahead.
22          MR. HANEY: Thank you, Your Honor. I was involved
23  in both trials in New York and that is correct. The cases
24  were filed around the same time. They were tried on
25  different -- through different trials. The Gatto case that

1   was tried first is -- there's a motion for reconsideration.
2   That is also pending. The second trial, which is the Evans
3   trial, that's up on appeal right now. There's been no
4   decision made. Both cases are still technically on appeal.
5            THE COURT: All right.
6            MR. HANEY: Thank you, Your Honor.
7            THE COURT: All right. Good. Now, also Ms. Floyd,
8   my courtroom deputy, says she got a call this morning from
9   Mr. Richardson to tell me that the cross Motions to Compel
10  Discovery by Bowen, Jr. against Adidas and Adidas back
11  against Bowen, Jr. have been fully resolved. Is that
12  correct?
13           MR. RICHARDSON: Your Honor, in clarification this
14  morning, the Adidas Motion to Compel the Plaintiffs is
15  completely resolved with the understanding that the expert
16  report that's being proposed for the Plaintiffs to provide
17  the expert disclosures on February 22nd, which is just a few
18  weeks away, would provide us all that we need on the damages
19  calculations and the supporting information.
20       And with that expert disclosures happening in
21  February 22nd, we believe that all the other issues in
22  Adidas's Motion to Compel are resolved.
23           THE COURT: All right. I thought the expert
24  disclosure was January 22nd.
25           MR. RICHARDSON: Your Honor, that is correct. And

1  deny that request. All right.
2     Now let's get on -- before we get to the Fifth Amendment
3  issue, let's get to the documents that are under seal up in
4  New York. And that is the motion by Mr. Dawkins -- I'm
5  sorry, motion against Mr. Dawkins. Both judges in both cases
6  entered orders sealing certain records, and they are still
7  under seal while the appeal is pending. Is that correct?
8        MR. RAM: That's my understanding. Let Mr. Haney
9  address the status of those protective orders.
10       THE COURT: All right.
11       MR. HANEY: That is correct, Your Honor, and I did
12 include both protective orders in my responsive pleadings in
13 Exhibit A.
14       THE COURT: Right.
15       MR. HANEY: They were ordered November 28th, 2017,
16 which my position is regrettably we're encumbered by that
17 order. I would more than welcome to turn over that
18 information, but if I did, I submit--
19       THE COURT: I understand you there. Here's my
20 question. Can I order both sides, the plaintiff and the
21 defendant, to go to New York and ask the judge, file a joint
22 motion there asking the judge to unseal those documents to be
23 used in this litigation with the understanding I will
24 immediately place a seal on those documents down here? I
25 think that's better than me calling the New York judge.

1      I think both parties ought to jointly go to New York and
2 file a motion saying I determined they are relevant in this
3 case or may be relevant and I can't delay my case
4 indefinitely while that criminal process plays out because
5 who knows how long that could be.  It goes up --
6      MR. HANEY:  I would -- I'm sorry, Your Honor.
7      THE COURT:  -- on a Petition for Cert, we could
8 wait for a year and a half on a Petition for Cert to the
9 Supreme Court.  So I, you know, I can't wait that long, so --
10 what's the -- does anybody have any problem with me directing
11 both parties, since both of you want this information, to
12 file a joint motion with both judges in New York asking for a
13 partial lift of the seal so that the documents can be
14 produced down here to the Plaintiff with the clear
15 understanding that I'll put an identical Protective Order on
16 the case on the documents down here?
17      MR. RAM:  Your Honor, I think if an order was
18 drafted in such a manner that would give the two district
19 judges in New York that level of comfort...
20      THE COURT:  I can put all that in a written order.
21 Yes, I can do that.
22      MR. HANEY:  Your Honor, that was my suggestion in
23 advance of this matter today with Mr. Ram.  I do want to note
24 to the Court, I think that whatever evidence he's seeking,
25 though it's there, it is cumulative.  We had two days of

1  testimony, which I cross-examined the father in New York in
2  the Southern District, he spent two days on the witness stand
3  as a cooperator with the US Attorney's Office making it very
4  clear that he was taking money for years for the services of
5  his son who was at that time 15, 16 years old; long before he
6  even met any of these defendants in this case.
7      So there is a run -- we do run the risk that the
8  evidence is just cumulative.
9      *THE COURT:* It may well be. I mean, when this case
10 first came in, I thought, well, this is not going to be a
11 tough case for discovery because everything is out there in
12 sworn testimony, but I was wrong.
13     *MR. HANEY:* I would say there is other evidence
14 that I would submit no other lawyer in this court has but me
15 in my criminal discovery folder that is very supportive of
16 our position that the father ruined this young man's
17 basketball career when he was a 15-year-old. Had nothing to
18 do with anything that happened when he was 17 or 18. He was
19 already not -- his amateurism was destroyed by the dad when
20 he was 15 years old and he had his hand out from everybody.
21     And we have a lot of evidence of that that is not
22 discoverable, at least to my position based on what I'm
23 encumbered by with a Protective Order. But to your point,
24 Your Honor, I think it's very sound. I get--
25     *THE COURT:* Well, let me ask you this. What you're

1  telling me here in the courtroom --
2          MR. HANEY: Yes.
3          THE COURT: -- I think is a little bit different
4  from what you told me in your brief. In your brief you said,
5  we really need this stuff, it's very exculpatory and we
6  wanted it just as badly as the Plaintiff does, but we can't
7  get it. So...
8          MR. HANEY: I believe it is exculpatory but
9  arguably cumulative. I believe that, you know, we do run the
10 risk of beating a dead horse with it. But yeah, I'd like to
11 have it to be able to present it even further the point that
12 the wrongdoer here was the dad. The dad ruined the kid's
13 career when he was a 15-year-old amateur basketball player
14 back in Michigan playing AAU, not when he went to Louisville.
15         THE COURT: Right.
16         MR. HANEY: But I will do anything the judge, you
17 know, believes is sound. And I think as I mentioned to
18 Mr. Ram, I think a stipulated order or some type of order for
19 the Judges Kaplan and Ramos would provide us with that
20 opportunity to present that evidence under seal and
21 protection here through this Court. I think that can rectify
22 it.
23         THE COURT: Well, I will enter an order before the
24 week is over indicating that I would like to have those
25 documents available down here and directing the parties to

```
 1   file a joint motion in New York with my blessing asking for
 2   those documents, and I'll do that by the end of this week and
 3   then I'll give y'all -- how much time do you need to get
 4   your -- I want to move this case along.
 5        14 days is very reasonable; isn't it?  Fourteen days to
 6   get your order filed or your motion filed up there?
 7             MR. RAM:  I think that's reasonable, Your Honor.
 8   And just for the sake of -- so we're all on the same page
 9   about that, it's not just the documents that Mr. Dawkins is
10   referred to in his initial disclosure, but for the sake of
11   going to New York, we go to New York once and get all of the
12   evidence that's under seal.
13        Is that your understanding, Your Honor?
14             THE COURT:  Right.
15             MR. RAM:  Okay.
16             THE COURT:  Any other defendant want to be heard on
17   that if you might be affected by this?  All right.  I'll file
18   my order before the week is over, and you have got two weeks
19   from the date of my order to get your motion filed in New
20   York.  All right?
21             MR. HANEY:  Thank you, Your Honor.
22             THE COURT:  All right.  Now we come to the motion
23   that presents these difficult Fifth Amendment issues.  And
24   actually it's the motion against Mr. Rivers who is not yet,
25   not been charged, but Mrs. Barbier says her client is going
```