

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 28, 2021

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Evans et al.*,
              No. 17 Cr. 684 (ER)

Dear Judge Ramos:

      The Government respectfully writes in response to the defendants' request to adjourn their surrender date *sine die* or in the alternative to set a surrender date in 60 days to permit them to put their affairs in order (Dkt. 337). The Government opposes the defendants' motion to avoid the Court setting a surrender date, but has no objection to their alternative request of setting a surrender date in 60 days.

      The defendants' request to avoid a surrender date is a plain end-run around the Second Circuit's ruling denying their request to stay the mandate in this case, and should be rejected. The defendants' sole argument to avoid a surrender date being set is that the Second Circuit stayed the mandate pending filing a certiorari petition in *Gatto*, and they now want to avoid the potential to serve a sentence in this matter and then be released to later serve a sentence in the *Gatto* matter. This Court imposed a sentence in this case that will run consecutive to the term of incarceration imposed in the *Gatto* case, thus the defendants will be serving a prison term irrespective of the outcome of the *Gatto* proceedings. In addition, the defendants' argument completely ignores that in *this* case the stay was denied. Although the defendants would undoubtedly like to postpone serving their sentences as long as they can, there is a strong public interest in finality in criminal proceedings. *See Calderon v. Thompson*, 523 U.S. 538, 555 (1998) ("Finality is essential to both the retributive and deterrent functions of criminal law."); *cf. United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) (case delays "may 'impair the deterrent effect of punishment'" (quoting *Zedner v. United States*, 547 U.S. 489, 501 (2006)) (alteration incorporated)). That interest is particularly strong in situations where a defendant lied under oath at trial. Weighed against the public interest in finality, the defendants concern about potentially serving sentences that might commence at different times is unavailing. They should not be able to use their potential petition for certiorari in *Gatto* as a basis to avoid their sentences in this case, particularly given that their sentences in this case are completely separate from their sentences in *Gatto*.

Therefore, for the foregoing reasons, the Government respectfully requests that the Court set a surrender date for both defendants Dawkins and Code of 60 days from the date of the Court's order.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   /s   Eli J. Mark
Robert L. Boone
Noah Solowiejczyk
Eli J. Mark
Assistant United States Attorneys
(212) 637-2208/2473/2431

cc: Defense counsel (by ECF)