UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       Plaintiff,

– against –

CHRISTIAN DAWKINS and MERL CODE,

       Defendant.

**OPINION & ORDER**
**TO BE FILED UNDER SEAL**

17 Crim. 684 (ER)

Ramos, D.J.:

  Defendants Christian Dawkins and Merl Code have been charged with conspiracy to commit wire fraud, substantive wire fraud, conspiracy to commit bribery, and substantive bribery, arising from an alleged scheme to pay bribes to certain coaches at NCAA Division I universities so that the coaches would refer student athletes to use Defendants' sport management services upon turning professional. The Government seeks to preclude Defendants from admitting evidence of alleged misconduct committed by two FBI agents during a law enforcement operation in Las Vegas in July 2017. Defendants object to the Government's motion.

  Special Agent Carpenter and UC-1 are both FBI agents. From approximately November 2016 to July 2017, Special Agent Carpenter was one of the case agents assigned to the investigation of Defendants herein. UC-1, meanwhile, worked on the investigation in an undercover capacity. From approximately May 2017 to July 2017, UC-1 posed as a financier for Dawkins' sport management business. According to the Government, UC-1 met with and supplied funds to certain college coaches at those meetings. Those payments are captured on

recordings and occurred in the presence of Dawkins. UC-1 also had multiple phone conversations with Defendants.

During the course of discovery in this case and related case *United States v. Gatto, et. al.*, 17 Cr. 686 (LAK), the Government disclosed to Defendants that the Office of the Inspector General of the Department of Justice, in coordination with the U.S. Attorney's Office of another district, had commenced an investigation into allegations that Special Agent Carpenter misused FBI funds. Specifically, Special Agent Carpenter is alleged to have used FBI funds to gamble at a casino and buy food and beverages while in Las Vegas in July 2017 during the investigation into Defendants. UC-1 was also in Las Vegas during the investigation and was allegedly present when Special Agent Carpenter misused the funds, along with two other FBI agents, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The Government also disclosed that after the FBI learned of the agents' alleged misconduct, it removed them from the investigation.

On February 26, 2019 and March 19, 2019, Defendants made requests pursuant to *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951), to call nine FBI agents to testify about Special Agent Carpenter's alleged misconduct. The Government responded to the *Touhy* requests by indicating that it intended to move to preclude defense arguments and evidence related to the alleged misconduct. On March 22, 2019, the Government was served with subpoenas for four FBI agents to testify at trial, including Special Agent Carpenter and UC-1. The Government does not intend to call any of the FBI agents involved in the alleged misconduct at trial, including Special Agent Carpenter and UC-1. However, the Government does intend to admit recordings of conversations between UC-1 and Dawkins.

The Court agrees with the Government that evidence of misuse of FBI funds on the part

of Special Agent Carpenter and UC-1 is irrelevant to this case under Rule 401 of the Federal Rules of Evidence. Indeed, Defendants have not articulated any theory for how the evidence bears upon their guilt or innocence. The alleged misconduct did not occur while the agents were conducting investigative activities. It did not occur in Defendants' presence. And since the Government does not intend to call UC-1 or Special Agent Carpenter to testify at trial, the alleged misconduct is not probative of their trustworthiness as witnesses.

    For these reasons, the Government's motion *in limine* is GRANTED.

    SO ORDERED.

Dated:    April 21, 2019
            New York, New York

_____
Edgardo Ramos, U.S.D.J.