UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

                                   :

UNITED STATES OF AMERICA         :

                                   :

           - *v.* -            :           S1 17 Cr. 684 (ER)

                                   :

MERL CODE, and                :

CHRISTIAN DAWKINS,       :

                                   :

               Defendants.     :

------------------------------------------------------ x

 

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO DEFENDANT CHRISTIAN DAWKINS'S
<u>MOTION FOR A NEW TRIAL</u>**

 

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

Noah Solowiejczyk
Eli J. Mark
Assistant United States Attorneys

- Of Counsel -

## <u>TABLE OF CONTENTS</u>

BACKGROUND ................................................................................................................. 2

    A.    The Government's Pretrial Disclosures ................................................... 3

    B.    This Court Properly Ruled that Carpenter's Misconduct was Irrelevant ............... 3

ARGUMENT ................................................................................................................... 5

I.     THE DEFENDANT'S RULE 33 MOTION IS MERITLESS ........................................ 5

    A.    Legal Standard For a Rule 33 Motion ..................................................... 5

    B.    Carpenter's Misconduct Was Disclosed Before Trial, is Not Newly Discovered, is Completely Irrelevant, and Does Not Warrant a New Trial ................................. 6

CONCLUSION .................................................................................................................. 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                                          :
UNITED STATES OF AMERICA                  :
                                          :
           - v. -                         :           S1 17 Cr. 684 (ER)
                                          :
MERL CODE, and                            :
CHRISTIAN DAWKINS,                        :
                                          :
                 Defendants.              :
-----------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO DEFENDANT CHRISTIAN DAWKINS'S
MOTION FOR A NEW TRIAL**

The Government respectfully submits this memorandum of law in opposition to the letter

motion for a new trial filed by defendant Christian Dawkins (the "defendant") (Dkt No. 352).  In

his letter, the defendant argues that he is entitled to a new trial as a result of former FBI Special

Agent Scott Carpenter's guilty plea to misappropriating Government funds while on an assignment

during the undercover investigation of the underlying matter.  The defendant's motion is meritless.

The fact that Carpenter has now admitted to misappropriating government funds is utterly

irrelevant to the jury's finding beyond a reasonable doubt that the defendant paid bribes to college

basketball coaches.

The Government timely disclosed Carpenter's alleged misconduct significantly in advance

of trial, and, as this Court and the Court of Appeals both previously ruled, Carpenter's misconduct

was completely irrelevant to the defendant's guilt or innocence.  The fact that Carpenter recently

admitted to this conduct, and it is no longer alleged, does not change that analysis.  The FBI's

undercover investigation on the relevant trip was entirely recorded, and Carpenter engaged in the

misconduct during his personal time during the trip.  The defendant's motion does not demonstrate

any newly discovered evidence that warrants a new trial, and Carpenter's guilty plea is classic inadmissible hearsay.  Moreover, the defendant offers no reason to conclude that the Court erred when it had previously excluded evidence of Carpenter's misconduct, much less a sufficient basis to find that he meets the demanding standard required to displace a jury's verdict.  The defendant's claim does not present a concern, let alone a "real concern," that an innocent person was convicted. *See, e.g.*, *United States v. Bell*, 584 F.3d 478, 483 (2d Cir. 2009) (per curiam).  To the contrary, the fact that Carpenter engaged in entirely separate misconduct while in Las Vegas has no bearing on the defendant's guilt, which involved, among other things, the defendant paying bribes to college basketball coaches, as captured on video and audio recordings.

## BACKGROUND

On May 8, 2021, following an approximately three-week jury trial, the defendant and Merl Code were convicted of conspiring to commit bribery, in violation of 18 U.S.C. § 371 (Count One) and bribery, in violation of 18 U.S.C. §§ 666(a)(2) and 2 (Count Two).[1]  The evidence at trial consisted primarily of video and audio recordings that captured the defendant committing his crimes, as well as testimony regarding the recorded conduct and communications between the defendant and the coaches he bribed.  On June 4, 2021, a unanimous panel of the Second Circuit affirmed these convictions.  *United States v. Dawkins*, 999 F.3d 767 (2d Cir. 2021).  The defendant now moves to overturn the jury's verdict based on Carpenter's guilty plea.  The defendant's motion obscures that Carpenter's misconduct was disclosed by the Government before trial, fully briefed before this Court, and appropriately excluded as irrelevant.

---

[1]     The defendants were acquitted of the remaining charges in the Superseding Indictment.

### A.  The Government's Pretrial Disclosures

By multiple letters, significantly in advance of trial, the Government disclosed alleged misconduct by several FBI agents, including Carpenter, who were involved in this investigation.[2] With respect to Carpenter, the Government disclosed that the Office of the Inspector General of the Department of Justice, in coordination with a U.S. Attorney's Office in another District, had commenced an investigation into allegations that Carpenter, who was then a case agent in this investigation, misused FBI funds in July 2017.  Carpenter was alleged to have used FBI funds to gamble at a casino and obtain food and beverages while in Las Vegas for an undercover operation during which an undercover agent ("UC-1") participated in meetings with Dawkins and college basketball coaches.  The Government also disclosed that after the FBI learned of the alleged misconduct at the end of July 2017, Carpenter was removed from the investigation.

### B.  This Court Properly Ruled that Carpenter's Misconduct was Irrelevant

Prior to trial, defense counsel made a request, pursuant to the requirements set forth in *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951), to call eight FBI agents to testify about "their knowledge of Special Agent Carpenter's malfeasance and the malfeasance of others on the team involved in the Las Vegas operation" and the supposed "failure to conduct the investigation [of the instant case] within the FBI's guidelines."  The defense also sought to call a ninth FBI agent, who was not even assigned to the investigation at the time, to testify about "Special Agent Carpenter's misdeeds and his failure to report them and [UC-1's] failure to report his misdeeds

---

[2]     As he has previously, the defendant asserts, without citation or elaboration, that "80% of the case agents assigned to [the investigation] had either committed crimes, or acted, by the Government's loose definition, 'improperly.'"  (Def. Ltr. 1.)  That is incorrect, and in any event, irrelevant to the defendant's motion.

and the scope of the Government's investigation." The defendants subsequently served subpoenas for four FBI agents, including Carpenter.

The Government moved to preclude evidence related to the alleged FBI misconduct, arguing that it was irrelevant because the alleged misconduct did not occur during any investigative activity but instead at times and locations of no relevance to the investigation (and outside of the defendants' presence). Because all of the undercover operations were recorded, the Government made clear that it did not plan to call as a witness Carpenter, the undercover agents or any of the FBI agents who were involved in any alleged misconduct, nor did it intend to offer the out-of-court statements of any such agents for the truth of the matters asserted. As a result, the Government argued, there was no basis for the defendants to attempt to impeach the credibility of those agents.

The District Court granted the Government's motion, ruling that:

> [E]vidence of misuse of FBI funds on the part of Special Agent Carpenter . . . is irrelevant to this case under Rule 401 of the Federal Rules of Evidence. Indeed, Defendants have not articulated any theory for how the evidence bears upon their guilt or innocence. The alleged misconduct did not occur while the agents were conducting investigative activities. It did not occur in Defendants' presence. And since the Government does not intend to call . . . Special Agent Carpenter to testify at trial, the alleged misconduct is not probative of their trustworthiness as witnesses.

(Dkt. No. 355 (Opinion & Order, dated April 21, 2019) at 2-3). On appeal, the Second Circuit agreed with this Court's conclusion. *Dawkins*, 999 F.3d at 793, n.80 ("We agree with the district court that this proffered testimony would not have related in any way to their guilt or innocence, nor would it have been probative of the trustworthiness of any witnesses called at a trial.").[3]

---

[3]     Similarly, in the related case of *United States v. Gatto*, Judge Lewis A. Kaplan also ruled that Carpenter's misconduct was irrelevant. *See* 17 Cr. 686 (LAK) (Dkt. 243 at 6) ("What is described in the papers as the fourth branch of the government's motion, which seeks an order precluding certain testimony regarding FBI agents, is granted. That inquiry is precluded.").

## ARGUMENT

## I.    THE DEFENDANT'S RULE 33 MOTION IS MERITLESS

### A.  Legal Standard For a Rule 33 Motion

Federal Rule of Criminal Procedure 33 provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33[.]"  *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009).  Because motions for a new trial are strongly disfavored, "the standard for granting such a motion is strict," *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995), and it should be granted only in "extraordinary circumstances," *McCourty*, 562 F.3d at 475 (internal quotation marks omitted).  *See also United States v. Zagari*, 111 F.3d 307, 322 (2d Cir. 1997); *United States v. Locascio*, 6 F.3d 924, 949 (2d Cir. 1993); *United States v. Spencer*, 4 F.3d 115, 118 (2d Cir. 1993).  The "ultimate test [in deciding a Rule 33 motion] is whether letting a guilty verdict stand would be a manifest injustice . . . . There must be a real concern that an innocent person may have been convicted."  *United States v. Canova*, 412 F.3d 331, 349 (2d Cir. 2005) (internal quotation marks omitted); *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992).  In short, a new trial should not be granted where "[i]t . . . cannot be said . . . that the evidence preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  *Sanchez*, 969 F.2d at 1415 (internal quotation marks omitted) (reversing grant of a new trial based on trial court's determination that government witnesses gave perjured testimony).

A new trial pursuant to Rule 33 based on newly discovered evidence may be granted "only upon a showing that the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would

probably lead to an acquittal." *United States v. Alessi*, 638 F.2d 466, 479 (2d Cir.1980); s*ee also United States v. Forbes*, 790 F.3d 403, 406-07 (2d Cir. 2015); *United States v. Owen*, 500 F.3d 83, 87 (2d Cir. 2007); *Canova*, 412 F.3d at 349; *United States v. Zagari*, 111 F.3d 307, 322 (2d Cir. 1997).

### B. Carpenter's Misconduct Was Disclosed Before Trial, is Not Newly Discovered, is Completely Irrelevant, and Does Not Warrant a New Trial

The defendant's motion fails for multiple reasons, including that Carpenter's misconduct was not newly discovered and that it is entirely irrelevant, as this Court and the Second Circuit both previously recognized.

First, as the factual recitation above demonstrates, Carpenter's misconduct was disclosed in a timely manner to the defendant prior to trial, including that Carpenter misused Government funds to gamble while in Las Vegas during the course of the undercover operation—the specific conduct that formed the basis for his guilty plea.[4]  Given that the defendant was already aware of Carpenter's misconduct prior to trial, it cannot, as a matter of law, be considered newly discovered evidence.  As the Second Circuit explained in *United States v. Owen*, "[o]ne does not 'discover' evidence after trial that one was aware of prior to trial.  To hold otherwise stretches the meaning of the word 'discover' beyond its common understanding."  500 F.3d 83, 89-90 (citing *Webster's Third New Int'l Dictionary* 647 (2002) (defining "discover" as "to make known (something secret, hidden, unknown, or previously unnoticed)")).  Although Carpenter's admission to the misconduct is new, that does not change the fact that the misconduct itself was known to the defendants, and

---

[4]    The defendant's repeated assertions that Carpenter's misconduct was "not disclosed by the Government" (Def. Ltr. 5), not only is wrong, as the above factual recitation demonstrates, but also is completely inconsistent with the defendant's own motion which repeatedly references the Government's pretrial disclosures (*see, e.g.*, Def. Ltr. 1 (acknowledging Government disclosure that fired case agent misused Government funds to gamble)).

thus not newly discovered.  *See United States v. Ulbricht*, 748 F. App'x 430, 431-32 (2d Cir. 2019) (citing *Owen*, 500 F.3d at 89).

Additionally, Carpenter's guilty plea is not admissible evidence and, therefore, it does not serve as an appropriate basis for relief.  *See id.* at 432 (holding that book about the hunt for defendant Ross Ulbricht was not newly discovered evidence for purposes of Rule 33 motion because, in part, it was hearsay evidence).  Here, it is black letter law that Carpenter's guilty plea is hearsay.  As such, that the guilty plea would not be admissible at trial provides an independent basis to deny relief.  *See id.*

Moreover, even if Carpenter's guilty plea could be considered newly discovered evidence, the evidence was completely irrelevant and would not have affected the outcome of the trial.  The defendant's conclusory letter motion completely fails to articulate any theory for how Carpenter's misconduct and guilty plea bears upon the defendant's own guilt or innocence.  Although the misconduct occurred while Carpenter was in Las Vegas for an operation, the misconduct did *not* occur while Carpenter was conducting investigative activities, and did *not* occur in the defendant's presence.  Indeed, the defendant does not suggest otherwise, instead simply speculating that it was while Carpenter was in Las Vegas for the undercover operation (Def. Ltr. 4), which, as noted, the Government had previously disclosed to the defendants.  Moreover, Carpenter was not an undercover agent, he never had any interactions with the defendants, his statements were not admitted at trial, the entire undercover operation was audio and video recorded, and Carpenter was not a witness at trial.  As such, the misconduct was completely irrelevant to the integrity of the investigation and not probative of the credibility of any witness at trial.  At bottom, the defendant has not and cannot offer any explanation as to how Carpenter's misappropriation of FBI funds while in Las Vegas in order to use the funds for gambling has any bearing whatsoever on the

defendant's paying cash bribes to college coaches while in Las Vegas—as captured on video and audio recordings.

Furthermore, even assuming for the sake of argument that there was any marginal relevance to Carpenter's misconduct, the defendant fails to demonstrate how that misconduct would justify a new trial.  The defendant carries a heavy burden, and he has failed to meet it.  *Cf. United States v. Malpeso*, 115 F.3d 155, 163 (2d Cir. 1997) ("[E]ven if the evidence [of an FBI leak] were of some marginal relevance, that relevance is far outweighed by the risk of prejudice. The likely (and presumably intended) effect of admitting [the] evidence . . . would have been to shift the focus away from the relevant evidence of the defendants' wrongdoing to the tangentially related misdeeds of one government agent. Such a diversion not only risked needlessly delaying the trial, but also created the very real possibility that the jury would improperly discredit the government's case in reaction to [the FBI agent's] allegedly gross misconduct.").

## <u>CONCLUSION</u>

For the foregoing reasons, the defendant's motion should be denied.


DATED:      March 15, 2022
             New York, New York

                         Respectfully submitted,

                         DAMIAN WILLIAMS
                         United States Attorney

               By: <u>s/ Eli J. Mark      </u>
                     Noah Solowiejczyk
                     Eli J. Mark
                     Assistant United States Attorneys
                     (212) 637-2473/2431