UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

— v. —

MERL CODE and
CHRISTIAN DAWKINS,

Defendants.

**<u>OPINION & ORDER</u>**

17 Crim. 684 (ER)

<u>Ramos, D.J.</u>:

Defendant Christian Dawkins moves the Court, pursuant to Federal Rule of Criminal Procedure 33, to vacate the prior judgment and grant a new trial. Doc. 352. For the reasons set forth below, the motion is DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the facts underlying this case, and discusses only those facts relevant to the instant motion. Dawkins was convicted after trial of conspiring to commit bribery, in violation of 18 U.S.C. § 371, and bribery, in violation of 18 U.S.C. §§ 666(a)(2). *See* Doc. 356. Prior to trial, the government provided information concerning alleged misconduct by two FBI agents during the investigation of this prosecution in Las Vegas, Nevada. *See* Doc. 355. Specifically, the government advised the defendants that one of those agents, Special Agent Scott Carpenter, was alleged to have used FBI funds to gamble at a casino, and buy food and drinks, during the July 2017 investigation into Dawkins. *Id.* at 1–2. The government also filed a motion to preclude the defendants from offering evidence of the misconduct. *See id.* The Court determined that the evidence of misuse of FBI funds by the agents, including Carpenter, was irrelevant under Rule 401 of the Federal Rules of Evidence ("FRE"), and granted the government's motion to exclude. *Id.* at 2-3. The Court of Appeals for

the Second Circuit affirmed the decision. *United States v. Dawkins*, 999 F.3d 767, 798 n.80 (2d Cir. 2021) ("We agree with the district court that this proffered testimony would not have related in any way to their guilt or innocence, nor would it have been probative of the trustworthiness of any witnesses called at trial.").

Earlier this year, on February 23, 2022, the Department of Justice issued a press release announcing that Special Agent Carpenter pleaded guilty to misusing government money to gamble at a Las Vegas Casino. Doc. 352 at 2. Dawkins now argues that this guilty plea constitutes newly discovered evidence directly relevant to the investigation that led to his conviction, and, as a result, a new trial should be granted in order to prevent manifest injustice. *Id.* at 4-5.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33 states that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The defendant bears the burden of proving that he is entitled to a new trial, and in order to grant a new trial, a district court must find that there is "a real concern that an innocent person may have been convicted." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (*citing United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (*quoting United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)); *see also United States v. Zagari*, 111 F.3d 307, 322 (2d Cir. 1997). The "standard of review governing most instances of newly-discovered evidence…is that the new evidence will not entitle the defendant to a new trial unless 'it would probably produce a different verdict.'" *United States v. Stofsky*, 527 F.2d 237, 243 (2d Cir. 1975) (*citing United States v. De Sapio*, 456 F.2d 644, 647 (2d Cir.), *cert. denied*, 406 U.S.

933, 92 S. Ct. 1776, 32 L. Ed. 2d 135 (1972); *United States v. Polisi*, 416 F.2d 573, 577 (2d Cir. 1969); 8A Moore's Federal Procedure § 33.04(1)).

A new trial should be granted only in extraordinary cases where "it would be a miscarriage of justice to let the verdict stand." *United States v. Sanchez*, 969 F.2d 1409, 1415 (2d Cir. 1992).  Additionally, a Rule 33 motion should be granted only upon a showing that (1) the evidence could not with due diligence have been discovered before or during trial, (2) that the evidence is material, not cumulative, and (3) that admission of the evidence would probably lead to an acquittal.  *United States v. Alessi*, 638 F.2d 466, 479 (2d Cir. 1980) (*citing United States v. Stofsky*, 527 F.2d 237, 243 (2d Cir. 1975), *cert. denied*, 429 U.S. 819, 97 S. Ct. 65, 50 L. Ed. 2d 80 (1976); *United States v. Slutsky*, 514 F.2d 1222, 1225 (2d Cir. 1975); *United States v. Costello*, 255 F.2d 876, 879 (2d Cir.), *cert. denied*, 357 U.S. 937, 78 S. Ct. 1385, 2 L. Ed. 2d 1551 (1958)).

## III.   ANALYSIS

Dawkins argues that he is entitled to a new trial pursuant to Rule 33 because the evidence of Carpenter's misconduct is "newly discovered;" failure to discover it earlier was not due to a lack of diligence; the evidence is not merely cumulative, it is material; and that it is "more than reasonable" to assume that had the jury been aware of this evidence, it would have found Dawkins not guilty on all charges.  Doc. 352 at 5–6.

The evidence in question is not newly discovered.  The only thing that is new is that Carpenter has only recently pleaded guilty to the very conduct of which the defendants had been made aware prior to trial.  Prior to trial, the government disclosed to the defense that the Office of the Inspector General of the Department of Justice, in coordination with the U.S. Attorney's Office of Nevada, had begun an investigation into allegations that Carpenter had misused FBI

3

funds during the investigation of this case in Las Vegas in 2017.  Doc. 355 at 2; *see also* Doc. 356 at 3.  The government also disclosed that once the FBI learned of the alleged misconduct, Carpenter was removed from the investigation.  *Id.*

Dawkins argues that Carpenter's guilty plea, made public through the February 23, 2022 press release, constitutes newly acquired evidence.  Doc. 352 at 3-4.  The Court disagrees.  The Second Circuit has explained that "one does not 'discover' evidence after trial that one was aware of prior to trial" and "to hold otherwise stretches the meaning of the word 'discover' beyond its common understanding."  *United States v. Owen*, 500 F.3d 83, 89-90 (2d Cir. 2007) (internal citations omitted); *United States v. Jasin*, 280 F.3d 355, 368 (3d Cir. 2002)).  That Carpenter pleaded guilty after Dawkins' trial does not change the fact that Dawkins was aware of the misconduct prior to trial.

Even assuming *arguendo* that the information in the February 23 press release can be considered newly discovered, the evidence remains irrelevant to the case under FRE 401.  Doc. 355 at 3.  Dawkins argues that based on the facts presented in the news release, "it is more than reasonable to infer the criminal conduct of FBI agent Carpenter occurred on the same date and time, and the same location (the Las Vegas Casino) where the Defendants were engaged in the government undercover operation."  Doc. 352 at 3.  Regardless, the fact remains that the misconduct did not concern the defendants, did not occur in Dawkins's presence, and did not occur while the agents engaged in investigative activities.  Doc. 355 at 3.  Moreover, Carpenter's statements were not admitted at trial nor was he called as a witness, so the misconduct is not probative of his trustworthiness as a witness.  *Id.*; Doc. 356 at 7.  Finally, the Second Circuit agreed with this Court's denial of Defendant's request to call agents to testify about Carpenter's alleged misconduct, finding that "this proffered testimony would not have related in any way to

their guilt or innocence, nor would it have been probative of the trustworthiness of any witnesses called at trial." *United States v. Dawkins*, 999 F.3d 767, 793 n.80 (2d Cir. 2021).

## IV.   CONCLUSION

For the reasons set forth above, Dawkins' motion for a new trial is DENIED.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 352.

It is SO ORDERED.

Dated: May 16, 2022
      New York, New York

_____
EDGARDO RAMOS, U.S.D.J.